**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (*pro hac vice* forthcoming)
Alec M. Leslie (*pro hac vice* forthcoming)
Matthew A. Girardi (*pro hac vice* forthcoming)
Julian C. Diamond (*pro hac vice* forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail:  pfraietta@bursor.com
          aleslie@bursor.com
          mgirardi@bursor.com
          jdiamond@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.R., a minor, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| ROBLOX CORPORATION, | |
| Defendant. | |

CLASS ACTION COMPLAINT

Plaintiff V.R., a minor (hereinafter "Plaintiff"), brings this action on behalf of himself and all others similarly situated against Defendant Roblox Corporation (hereinafter collectively referred to as "Defendant" or "Roblox Corp."). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

**NATURE OF THE CASE**

1. This is a putative class action brought by Plaintiff on behalf of himself and all others similarly situated who disaffirm their entire contracts with Defendant and seek restitution in the amount already paid to Defendant on their now-void contracts. By filing this action, Plaintiff hereby disaffirms his entire contract with Defendant.

2. Plaintiff and the putative class have suffered injury due to deceptive and misleading trade practices by Defendant in marketing and selling in-game items and in-game currency for its popular video game, Roblox. These items and in-game currency are frequently purchased by minors who are unable to exercise their unrestricted rights under state laws to rescind contracts into which they entered with Defendant.

3. Roblox is ostensibly free-to-play. However, Roblox realizes billions of dollars in revenue, largely from children.

4. Roblox is monetized through a system where players can obtain new characters, weapons, and other resources in exchange for virtual currency. The in-game currency can be purchased from Defendant using real money.

5. Plaintiff brings this action for declaratory, equitable, and monetary relief under the Declaratory Judgment Act, Business and Professions Code § 17200 *et seq.*, and/or for Unjust Enrichment.

**JURISDICTION AND VENUE**

6. Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) because this is a class action in which at least one member of the class is a citizen of a state different from any Defendant, the amount in controversy exceeds $5 million, exclusive of interest and costs, and the proposed class contains more than 100 members.

7. This Court has personal jurisdiction over the Defendant because Defendant maintains its principal place of business in this District and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and because Defendant maintains its principal place of business in this District.

## PARTIES

9. Plaintiff V.R. is a minor and a resident of California. Plaintiff, under his own name and using his own money, made multiple in-game purchases in Roblox. Plaintiff no longer plays Roblox and will not play Roblox in the future.

10. Defendant Roblox Corporation is Delaware corporation with its principal place of business in in San Mateo, California.

## GENERAL BACKGROUND

**A.** *Roblox*

11. Roblox is an online game platform developed by Defendant.

12. Roblox breaks away from the traditional pay-for-game model, wherein a consumer pays a one-time fee for a game and gains access to all of its features, and instead offers the game for free with the hopes that players purchase various in-game items. This is referred to as the free-to-play or "freemium" model.

13. However, while Roblox can ostensibly be played without making in-game purchases, the game encourages impressionable minors to make in-game purchases. This is because many of Roblox's most desirable in-game items and avatars can only be obtained by purchasing the items with virtual currency referred to as "Robux." Obtaining Robux generally requires users to purchase it with real money.

14. This system was created to capitalize on and encourage addictive behaviors. Minors are especially susceptible to these addiction-enhancing elements of game design. The experience of acquiring in-game items holds a strong appeal for minors and reinforces their desire to keep playing and continue making purchases.

15. Members of Congress have expressed concern about Defendant's practices. Specifically, in letters released to the public, Congresswoman Lori Trahan, Congresswoman Kathy Castor, and Senator Edward J. Markey have asked Defendant, among other video game makers, to "make changes to [their] product or service's design or data collection" to address "Loot boxes … [that] encourage[e] purchase before a child knows what the 'bundle' contains— akin to gambling." *See* Ex. A.

16. Defendant's strategy has been immensely successful, and Defendant is still growing. Roblox Corporation earned approximately $1,919,181,000 in 2021, which was a 108% increase over the company's 2020 earnings.[1] This increase was likely due to the fact that the "daily paying users increased from roughly 490,000 in 2020 to roughly 678,000 in 2021."[2]

17. Despite these massive profits, Defendant fails to provide an unrestricted right to seek refunds of any in-game purchases made by minors as is required by state law.

18. Further, as detailed below, Plaintiff and the putative class's contracts for the purchase of virtual currency and/or virtual goods are void as a matter of law.

**B.** *Defendant's Misconduct*

19. Defendant misleads or misrepresents the applicable law for transactions, including in-App purchases, with minors. Specifically, Defendant knows that in the state of California, and in most states nationwide, the law allows minors to disaffirm contracts. Defendant also knows that a minor can disaffirm contracts without any restrictions; the law permits a minor to do so. And finally, Defendant knows that contracts with minors for "personal property not in the immediate possession or control of the minor[s]" are void under CA FAM §6701. Yet, Defendant operates a non-refund policy that misleads, misrepresents, and does not acknowledge a minor's right to obtain a refund.
To any extent that Roblox requires that its Terms of Use be accepted by legal adults 18 years and older, Roblox still targets minors. An agreement that explicitly requires acceptance by an adult

---

[1] 2021 Form 10-k, Roblox Corporation, https://www.sec.gov/ix?doc=/Archives/edgar/data/0001315098/000131509822000058/rblx-20211231.htm (last accessed April 5, 2022)
[2] *Id.*

cannot apply to a minor, and minors have a legal right to disaffirm contracts into which they enter. And Roblox is aware its customers are minors – the player's birthday is the first thing that a player enters when setting up a Roblox account: [3]



---

[3] https://www.roblox.com/

1  20. The Roblox Terms of Use ("TOU") state that "When User buys Robux, User receives only a limited, **non-refundable**, non-transferable … revocable license to use Robux only for User's personal entertainment."[4]

21. The TOU also state that "All payments for Robux are final and not refundable."[5] Defendant attempts to qualify this latter statement with "except as required by law," but this qualifier does not specify that it has any affect on minors and does not appear in the section which describes differences between minor users and other users.[6]

22. Defendant maintains both possession and control over both Robux and whichever items that users purchase with their Robux. Specifically, Defendant states "Roblox has and retains all rights in Robux. This includes the right to modify, revoke, or terminate a User's license to use Robux without notice, payment, or liability to User."[7]

23. Robux can be purchased in the form of a digital code or a tangible card.

24. Defendant additionally maintains possession and control of the purchases of Plaintiff and the Class by stating "Roblox owns or controls all rights in Studio and all elements contained therein."[8]

25. Defendant also "reserves the right to terminate the Studio License, Template License, Other Content License and Roblox Trademark License at any time and for any reason."[9]

26. Defendant thus contracts with Plaintiffs and the class for "personal property not in the immediate possession or control of the minor[s]." CA FAM § 6701.

27. After making purchases within the Roblox ecosystem, minors who attempt to request refunds thus find that none of their purchases can be refunded. Without hiring counsel,

---

[4] https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use (emphasis added).

[5] *Id.*

[6] *Id.*, *see* sections 1(a); 2(a);2(b); 18(b).

[7] *Id.*

[8] *Id.*

[9] *Id.*

minor Class members and their guardians are not aware of a minor's right to disaffirm and get refunds on in-game purchases.

### PLAINTIFF'S EXPERIENCE

28. Before hiring counsel in this action, Plaintiff was not aware of a minor's right to disaffirm and request a refund.

29. Within the last year Plaintiff made multiple in-game purchases of Robux in Roblox, using his own money and without the consent of his parent(s).

30. Despite spending money on in-game purchases, Plaintiff did not receive any items that had real value. Plaintiff regrets these purchases and wishes to obtain a full refund. Plaintiff no longer plays Roblox and has no desire to resume playing Roblox.

31. After making his purchases, Plaintiff wanted to disaffirm them and request a refund. However, he was not able to do so under Roblox's refund policy, which states that a "[w]hen a User buys Robux, User receives only a limited, **non-refundable**, non-transferable … revocable license to use Robux only for User's personal entertainment."

32. Once his parent retained counsel on his behalf to determine if his purchases could be recovered, Plaintiff and his parent read and reviewed the statement in the TOU that "[w]hen User buys Robux, User receives only a limited, non-refundable, non-transferable … revocable license to use Robux only for User's personal entertainment," and that "[a]ll payments for Robux are final and not refundable."

33. Had Defendant provided proper parental control and age verification features, Plaintiff would not have been able to make any of the purchases that he did. Defendant could also implement features to allow minors to obtain refunds for purchases based on their unrestricted right to disaffirm contracts and/or based upon the fact that minors' purchases of Robux and virtual goods in Roblox are void as a matter of law.

34. Plaintiff relied on Defendant's representations regarding non-refundability for purchases.

35. Plaintiff has felt dissatisfied with purchases that he made within Roblox.

## CLASS ALLEGATIONS

36. Plaintiff seeks to represent a class defined as:

   All persons in the United States who, at any time while under the age of 18, (a) exchanged in-game virtual currency for any in-game benefit within Roblox, or (b) made a purchase of virtual currency or other in-game benefit for use within Roblox.

37. Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

38. Plaintiff reserves the right to expand, limit, modify, or amend the class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based on, inter alia, changing circumstances and/or new facts obtained.

39. **Numerosity**. On information and belief, hundreds of thousands of consumers fall into the definitions of the Class. Members of the Class can be identified through Defendant's records, discovery, and other third-party sources.

40. **Commonality and Predominance**. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual questions include, but are not limited to, the following:

   a. Whether Defendant's failure to provide a method for minors or their guardians to disaffirm any purchases violated their consumer rights;

   b. Whether Plaintiff and the Class are able to disaffirm their contracts with Defendant and obtain a refund through the Declaratory Judgment Act;

   c. Whether Plaintiff's and the other Class members' contracts for the purchase of virtual currency and/or goods are void as a matter of law;

   d. Whether Plaintiff and the other Class members were damaged by Defendant's conduct; and

  e. Whether Plaintiff and the other Class members are entitled to restitution or other relief.

 41. **Typicality**.  Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.  Further, there are no defenses available to Defendant that are unique to Plaintiff.

 42. **Adequacy of Representation**.  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class.  Furthermore, Plaintiff has no interests that are antagonistic to those of the Class.

 43. **Superiority**.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would thus be virtually impossible for the Class obtain effective redress for the wrongs committed against the members on an individual basis.  Furthermore, even if Class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

 44. Further, Defendant has acted and refused to act on grounds generally applicable to the proposed Class, thereby making appropriate final injunctive and declaratory relief with respect to the Class as a whole.

# CAUSES OF ACTION

## COUNT I
### Declaratory Judgment on Minor's Right to Disaffirm
### (On behalf of Plaintiff and the Class)

45. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

46. Defendant's Roblox video game is approved for players 7 years and older. Defendant enters into and accepts a contract with a minor when an in-game purchase by the minor is confirmed, and thus accepted.

47. There is consideration on both sides of this contract. Roblox gives the consideration of digital content and entertainment service of the in-game purchases, exchanged for consideration of actual money from the minor.

48. Under California law, and equivalent law in states nationwide, minors have the right to disaffirm contracts such as those at issue here. Cal. Fam. Code § 6710 (2010).

49. Minors may disaffirm or a guardian may disaffirm a contract on behalf of a minor within a reasonable amount of time of turning 18. Through the filing of this lawsuit, and thus by no later than the filing date of this lawsuit, Plaintiff disaffirmed all in-game purchases he has made through Roblox to-date and requested a refund.

50. Plaintiff further seeks injunctive relief on behalf of the Class for future and prospective transactions on the Roblox video gaming platform and ecosystem to allow for refunds on all in-game purchases without restrictions.

51. The contracts between Defendant and the members of the Class who are minors are voidable - a fact that Defendant denies as evidenced by its denial of the Class's right to be refunded in its Terms of Use.

52. Accordingly, there is an actual controversy between the parties, requiring a declaratory judgment.

53. Plaintiff has no adequate remedy at law for this claim. There is no commensurate legal remedy for voidance of Plaintiff's contract and full restitution and interest thereon.

Alternatively, legal remedies available to Plaintiff are inadequate because they are not "equally prompt and certain and in other ways efficient" as equitable relief. *American Life Ins. Co. v. Stewart*, 300 U.S. 203, 214 (1937); *see also U.S. v. Bluitt*, 815 F. Supp. 1314, 1317 (N.D. Cal. Oct. 6, 1992) ("the 'mere existence' of a possible legal remedy is not sufficient to warrant denial of equitable relief"); *Quist v. Empire Water Co.*, 2014 Cal. 646, 643 (1928) ("The mere fact that there may be a remedy at law does not oust the jurisdiction of a court of equity. To have this effect, the remedy must also be speedy, adequate, and efficacious to the end in view … It must reach the whole mischief and secure the whole right of the party in a perfect manner at the present time and not in the future"). Furthermore:

   a. To the extent damages are available here, damages are not equally certain as restitution because the standard that governs ordering restitution is different than the standard that governs damages. Hence, the Court may award restitution even if it determines that Plaintiff fails to sufficiently adduce evidence to support an award of damages.

   b. Damages and restitution are not necessarily the same amount. Unlike damages, restitution is not limited to the amount of money defendant wrongfully acquired plus the legal rate of interest. Equitable relief, including restitution, entitles the plaintiff to recover all profits from the wrongdoing, even where the original funds taken have grown far greater than the legal rate of interest would recognize. Plaintiff seeks such relief here.

   c. Legal claims for damages are not equally certain as restitution because claims under the CLRA, UCL and unjust enrichment entail few elements.

   d. Plaintiff also lacks an adequate remedy at law to prevent future harm.

54. This claim for declaratory judgment is brought pursuant to 28 U.S.C. § 2201 *et seq.*, seeking a determination by the Court that: (a) this action may proceed and be maintained as a class action; (b) the sales contracts between Defendant and Class members who are minors, relating to the purchase of in-game currency and virtual items, are voidable at the option of those Class members or their guardians; (c) if the Class members elect to void the contracts, they will be

entitled to restitution and interest thereon; (d) an award of reasonable attorneys' fees and costs of suit to Plaintiff and the Class is appropriate; and such other and further relief as is necessary and just may be appropriate as well.

**COUNT II**
**Declaratory Judgment on Minor's Inability to Contract For Personal Property**
**Not In Their Immediate Possession Or Control**
**(On behalf of Plaintiff and the Class)**

55. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

56. As described above, Defendant contracted with Plaintiff and the Class members, who are minors.

57. Defendant's contracts with minor Plaintiff and class members include contracts for the purchase of Robux and virtual items.

58. Robux can be purchased from Defendant in the form of tangible gift cards or intangible codes.

59. California law recognizes both "intangible personal property" and "tangible personal property." See, e.g., CA REV & TAX § 6011(10)(A)-(C); CA REV & TAX § 6016.

60. According to California Law, a "minor cannot … [m]ake a contract relating to any personal property not in the immediate possession or control of the minor." CA FAM § 6701.

61. Both Robux and any virtual item sold to Plaintiff and Class members are personal property.

62. According to Defendant's Terms of Use, Defendant explicitly maintains possession and/or control over the Robux and virtual items sold to Plaintiff and the Class Members as discussed supra.

63. Thus, according to California law, the contracts for these purchases are void and Plaintiff and class members are entitled to a refund of the consideration paid under their contracts with Defendant.

64. Defendant disputes that these contracts are void – as evidenced by the fact that Defendant's TOU claim that all purchases are non-refundable and the fact that Defendant does not maintain any mechanism for users who contracted with Defendant as minors to obtain refunds.

65. Accordingly, there is an actual controversy between the parties, requiring a declaratory judgment.

66. Plaintiff has no adequate remedy at law for this claim. There is no commensurate legal remedy for full restitution and interest thereupon the void contract. Alternatively, legal remedies available to Plaintiff are inadequate because they are not "equally prompt and certain and in other ways efficient" as equitable relief. *American Life Ins. Co. v. Stewart*, 300 U.S. 203, 214 (1937); *see also U.S. v. Bluitt*, 815 F. Supp. 1314, 1317 (N.D. Cal. Oct. 6, 1992) ("the 'mere existence' of a possible legal remedy is not sufficient to warrant denial of equitable relief"); *Quist v. Empire Water Co.*, 2014 Cal. 646, 643 (1928) ("The mere fact that there may be a remedy at law does not oust the jurisdiction of a court of equity. To have this effect, the remedy must also be speedy, adequate, and efficacious to the end in view … It must reach the whole mischief and secure the whole right of the party in a perfect manner at the present time and not in the future"). Furthermore:

   a. To the extent damages are available here, damages are not equally certain as restitution because the standard that governs ordering restitution is different than the standard that governs damages. Hence, the Court may award restitution even if it determines that Plaintiff fails to sufficiently adduce evidence to support an award of damages.

   b. Damages and restitution are not necessarily the same amount. Unlike damages, restitution is not limited to the amount of money defendant wrongfully acquired plus the legal rate of interest. Equitable relief, including restitution, entitles the plaintiff to recover all profits from the wrongdoing, even where the original funds taken have grown far greater than the legal rate of interest would recognize. Plaintiff seeks such relief here.

c. Legal claims for damages are not equally certain as restitution because claims under the CLRA, UCL and unjust enrichment entail few elements.

67. Plaintiff also lacks an adequate remedy at law to prevent future harm.

68. This claim for declaratory judgment is brought pursuant to 28 U.S.C. § 2201 *et seq.*, seeking a determination by the Court that: (a) this action may proceed and be maintained as a class action; (b) the sales contracts between Defendant and Class members who are minors, relating to the purchase of in-game currency and virtual items, are void; (c) the Class members are entitled to restitution and interest thereon; (d) an award of reasonable attorneys' fees and costs of suit to Plaintiff and the Class is appropriate; and such other and further relief as is necessary and just may be appropriate as well.

## COUNT III
### Violation of the California Business & Professional Code § 17200
### (On behalf of Plaintiff and the Class)

69. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

70. Plaintiff and Class members have standing to pursue a cause of action against Defendant for unfair and/or unlawful business acts or practices because they have suffered an injury-in-fact and lost money due to Defendant's actions and/or omissions as set forth herein.

71. Defendant's conduct is unlawful under Bus. & Prof. Code § 17200 *et seq.* ("UCL") because it is in violation of a minor's absolute right to disaffirm contracts as discussed above.

72. Defendant's conduct is also unlawful under the UCL because it is has collected monies paid for contracts void as a matter of law within the State of California and denied recovery of said monies.

73. Defendant's conduct described herein is "unfair" under Bus. & Prof. Code § 17200 because it violates public policy and is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers, and any utility of such practices is outweighed by the harm caused to consumers, including to Plaintiff, the Class, and the public. Defendant engages in unfair practices by actively advertising, marketing, and promoting Roblox as "free" with the intent to

induce minors to purchase in-game currency and virtual items while illegally and unscrupulously denying minors any refunds they seek.

74. In addition, Defendant's conduct constitutes a fraudulent business practice within the meaning of Bus. & Prof. Code § 17200, *et seq.*, in that Defendant intentionally and knowingly omitted giving information that refunds are allowed for minors without any restrictions under applicable law, and by explicitly representing that "**All payments for Robux are final and not refundable**." Such representations and omissions misled Plaintiff and Class members and are likely to mislead the public.

75. Defendant was aware that minors are a significant population of the individuals who play its Roblox game and that they are not capable of entering into binding contracts including for purchases of goods such that Defendant should have included parental control features and provided for an unrestricted right for minors and their guardians to seek refunds of any purchases made.

76. Defendant, in light of its explicit representation to the contrary (*e.g.*, that purchases of virtual currency and in-game purchases were non-refundable) had a duty to make Plaintiff or the other members of the Class aware that they had an unrestricted right to refund any purchases, but did not do so.

77. Defendant did not implement any features in its Roblox video game that would have allowed Plaintiff and Class members to seek a refund for their purchases.

78. Plaintiff and putative Class members relied on Defendant's omission in that they were unaware that they could disaffirm their contract with Defendant and receive a refund and in that they were unaware that their contracts with Defendant are void and they could receive a refund.

79. Defendant knew or should have known that its representations regarding the in-game purchases were false, deceptive, and misleading.

80. Defendant's conduct described herein constitutes an unfair business practice because it violates public policy and is immoral, unethical, oppressive, unscrupulous, and/or

substantially injurious to consumers, and any utility of such practices is outweighed by the harm caused to consumers, including to Plaintiff, the Class, and the public.

81. Defendant's wrongful conduct is ongoing, and part of a pattern or generalized course of conduct repeated on thousands if not millions of occasions yearly.

82. As a direct and proximate cause of Defendant's deceptive and unfair trade practices, Plaintiff and the other members of the Class suffered actual damages, including monetary losses.

83. Pursuant to Bus. & Prof. Code § 17203, Plaintiff seeks an injunction enjoining Defendant from continuing to engage in the conduct described above, or any other act prohibited by law.

84. Plaintiff also seeks rescission and an order requiring Defendant to make full restitution and to disgorge its ill-gotten gains wrongfully obtained from members of the Class as permitted by Bus. & Prof. Code § 17203.

85. Additionally, Plaintiff and the Class members seek an order requiring Defendant to pay attorneys' fees pursuant to Cal. Civ. Code § 1021.5.

86. Plaintiff has no adequate remedy at law for this claim. There is no commensurate legal remedy for Plaintiff's requested relief under this count. Alternatively, legal remedies available to Plaintiff are inadequate because they are not "equally prompt and certain and in other ways efficient" as equitable relief. *American Life Ins. Co. v. Stewart*, 300 U.S. 203, 214 (1937); *see also U.S. v. Bluitt*, 815 F. Supp. 1314, 1317 (N.D. Cal. Oct. 6, 1992) ("the 'mere existence' of a possible legal remedy is not sufficient to warrant denial of equitable relief"); *Quist v. Empire Water Co.*, 2014 Cal. 646, 643 (1928) ("The mere fact that there may be a remedy at law does not oust the jurisdiction of a court of equity. To have this effect, the remedy must also be speedy, adequate, and efficacious to the end in view … It must reach the whole mischief and secure the whole right of the party in a perfect manner at the present time and not in the future"). Furthermore:

   a. To the extent damages are available here, damages are not equally certain as restitution because the standard that governs ordering restitution is different than the standard that governs damages. Hence, the Court may award restitution even if it

        determines that Plaintiff fails to sufficiently adduce evidence to support an award of damages.

    b. Damages and restitution are not necessarily the same amount. Unlike damages, restitution is not limited to the amount of money defendant wrongfully acquired plus the legal rate of interest. Equitable relief, including restitution, entitles the plaintiff to recover all profits from the wrongdoing, even where the original funds taken have grown far greater than the legal rate of interest would recognize. Plaintiff seeks such relief here.

    c. Legal claims for damages are not equally certain as restitution because claims under the CLRA, UCL, and unjust enrichment entail few elements.

    d. Plaintiff also lacks an adequate remedy at law to prevent future harm.

**COUNT IV**
**Restitution or Unjust Enrichment**
**In the Alternative**
**(On behalf of Plaintiff and the Class)**

87. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

88. Plaintiff and the other Class members conferred an economic benefit on Defendant through their in-game purchases and purchases of Robux.

89. It is inequitable and unjust for Defendant to retain the revenue obtained from in-game purchases made by Plaintiff and the other Class members because, under principles of equity and good conscience, Defendant should not be permitted to retain the revenue it acquired through its unlawful conduct, i.e., with its non-refundable policy. Defendant's conduct is unlawful because it is in violation of the minor's right to disaffirm contracts, because the contracts entered by Plaintiff and Class members were void as a matter of law yet Defendant still retains the monies paid, and because Defendant's conduct is fraudulent, unfair, and deceptive under the UCL, as discussed above.

90. Defendant has misled and misinformed minors and their parents/guardians, i.e. Plaintiff and Class members.

91. Accordingly, because Defendant will be unjustly enriched if it is allowed to retain such funds, Defendant must pay restitution to Plaintiff and the other Class members in the amount which Defendant was unjustly enriched by each of their purchases.

92. Plaintiff has no adequate remedy at law for this claim. Plaintiff pleads his claim for unjust enrichment in the alternative, which inherently would necessitate a finding of no adequate remedy at law. Alternatively, legal remedies available to Plaintiff are inadequate because they are not "equally prompt and certain and in other ways efficient" as equitable relief. *American Life Ins. Co. v. Stewart*, 300 U.S. 203, 214 (1937); *see also U.S. v. Bluitt*, 815 F. Supp. 1314, 1317 (N.D. Cal. Oct. 6, 1992) ("the 'mere existence' of a possible legal remedy is not sufficient to warrant denial of equitable relief"); *Quist v. Empire Water Co.*, 2014 Cal. 646, 643 (1928) ("The mere fact that there may be a remedy at law does not oust the jurisdiction of a court of equity. To have this effect, the remedy must also be speedy, adequate, and efficacious to the end in view … It must reach the whole mischief and secure the whole right of the party in a perfect manner at the present time and not in the future"). Furthermore:

   a. To the extent damages are available here, damages are not equally certain as restitution because the standard that governs ordering restitution is different than the standard that governs damages. Hence, the Court may award restitution even if it determines that Plaintiff fails to sufficiently adduce evidence to support an award of damages.

   b. Damages and restitution are not necessarily the same amount. Unlike damages, restitution is not limited to the amount of money defendant wrongfully acquired plus the legal rate of interest. Equitable relief, including restitution, entitles the plaintiff to recover all profits from the wrongdoing, even where the original funds taken have grown far greater than the legal rate of interest would recognize. Plaintiff seeks such relief here.

   c. Legal claims for damages are not equally certain as restitution because claims under the CLRA, UCL, and unjust enrichment entail few elements.

d.  A claimant otherwise entitled to a remedy for unjust enrichment, including a remedy originating in equity, need not demonstrate the inadequacy of available remedies at law." Restatement (Third) of Restitution, § 4(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.  For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative for the Class and Plaintiff's attorneys as Class Counsel;

b.  For an order issuing a declaratory judgment that the sales contracts between Defendant and Plaintiff and the minor Class members are voidable;

c.  For an order issuing a declaratory judgment that the sales contracts between Defendant and Plaintiff and the minor Class members are void;

d.  For an order declaring that Defendant's conduct violates the laws referenced herein;

e.  For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

f.  For prejudgment interest on all amounts awarded;

g.  For an order of restitution and all other forms of equitable monetary relief;

h.  For injunctive relief as the Court may deem proper; and

i.  For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  May 5, 2022                **BURSOR & FISHER, P.A**.

By:   /s/ *L. Timothy Fisher*
L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)

1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (*pro hac vice* forthcoming)
Alec M. Leslie (*pro hac vice* forthcoming)
Matthew A. Girardi (*pro hac vice* forthcoming)
Julian C. Diamond (*pro hac vice* forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail:  pfraietta@bursor.com
         aleslie@bursor.com
         mgirardi@bursor.com
         jdiamond@bursor.com

*Attorneys for Plaintiff*