1  ANTHONY J WEIBELL, State Bar No. 238850
   THOMAS R. WAKEFIELD, State Bar No. 330121
2  CARMEN SOBCZAK, State Bar No. 342569
   WILSON SONSINI GOODRICH & ROSATI
3  Professional Corporation
   650 Page Mill Road
4  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
5  Facsimile: (650) 565-5100
   Email: aweibell@wsgr.com
6         twakefield@wsgr.com
          csobczak@wsgr.com
7
   *Attorneys for Defendant*
8  ROBLOX CORPORATION

9

10                 UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13  V.R., et al.,                        Case No. 3:22-cv-02716-MMC

14                 Plaintiffs,           **DEFENDANT ROBLOX
                                         CORPORATION'S MOTION TO
15         v.                            DISMISS PLAINTIFF'S CLASS
                                         ACTION COMPLAINT**
16  ROBLOX CORPORATION,
                                         Date: September 16, 2022
17                 Defendant.            Time: 9:00 A.M.
                                         Judge: Hon. Maxine M. Chesney
18                                       Courtroom: 7, 19th Floor

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ...................................................................... 1

STATEMENT OF THE ISSUES ............................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 2

INTRODUCTION ....................................................................................................... 2

FACTUAL BACKGROUND ....................................................................................... 3

    A.    Roblox Grants Refunds to Minors Who Opt to Disaffirm Their Contracts ........... 3

    B.    Plaintiff Wants a Refund, But Never Asked for One .............................................. 4

ARGUMENT ............................................................................................................... 4

    I.    THERE IS NO JUSTICIABLE CONTROVERSY ............................................. 4

        A.    Legal Standard.................................................................................................... 4

        B.    Plaintiff's Conjectural Lawsuit Is Not Ripe .................................................. 5

        C.    Plaintiff Lacks Standing to Seek Prospective Injunctive Relief ................. 8

    II.    THE ACTION SHOULD BE DISMISSED UNDER RULE 12(B)(6) ................. 9

        A.    Legal Standard.................................................................................................. 10

        B.    Plaintiff Fails to State a Claim for Declaratory Relief on Voidability...... 11

        C.    Plaintiff Fails to State a Claim For Declaratory Relief on Nullity........... 11

        D.    Plaintiff Fails to State a Claim Under the UCL ....................................... 13

            1.    Plaintiff Lacks Standing Under the UCL ..................................... 13

            2.    Plaintiff Has No "Unlawful" UCL Claim .................................... 14

            3.    Roblox Did Not Engage in "Unfair" Conduct ............................ 14

            4.    Plaintiff's "Fraudulent" Claim Fails ........................................... 16

            5.    Plaintiff's UCL Claims Fail for Lack of Reliance ...................... 18

            6.    Plaintiff Has No Available Remedies Under the UCL ................ 19

        E.    Plaintiff Fails to State a Claim for Unjust Enrichment ........................... 19

CONCLUSION ......................................................................................................... 20

1

## TABLE OF AUTHORITIES

2

### CASES

3

*Abbott Labs. v. Gardner*,
    387 U.S. 136 (1967) ...................................................................................5

4

*Ahern v. Apple Inc.*,
    411 F. Supp. 3d 541 (N.D. Cal. 2019) ....................................................16

5

6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................10

7

*B.C. v. Plumas Unified Sch. Dist.*,
    192 F.3d 1260 (9th Cir. 1999) ...............................................................8, 9

8

9

*Backus v. Biscomerica Corp.*,
    378 F. Supp. 3d 849 (N.D. Cal. 2019) ....................................................10

10

*Becerra v. Dr Pepper/Seven Up, Inc.*,
    945 F.3d 1225 (9th Cir. 2019)..................................................................16

11

12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................10

13

*Bobo v. Optimum Nutrition, Inc.*,
    No. 14-2408, 2015 U.S. Dist. LEXIS 187233
    (S.D. Cal. Sept. 11, 2015) ........................................................................17

14

15

*Bova v. City of Medford*,
    564 F.3d 1093 (9th Cir. 2009).................................................................6

16

17

*Brodsky v. Apple Inc.*,
    445 F. Supp. 3d 110 (N.D. Cal. 2020) ....................................................20

18

*Bruton v. Gerber Prod. Co.*,
    No. 12-02412-LHK, 2018 U.S. Dist. LEXIS 30814
    (N.D. Cal. Feb. 13, 2018) ..........................................................................8

19

20

*C.M.D. v. Facebook, Inc.*,
    No. 12-1216-RS, 2014 U.S. Dist. LEXIS 41371
    (N.D. Cal. Mar. 26, 2014),
    *aff'd*, 621 F. App'x 488 (9th Cir. 2015) ....................................11, 12, 13

21

22

23

*C.W. v. Epic Games, Inc.*,
    No. 19-03629-YGR, 2020 U.S. Dist. LEXIS 162490
    (N.D. Cal. Sept. 3, 2020)..........................................................................17

24

25

*Castagnola v. Hewlett-Packard Co.*,
    No. 11-05772-JSW, 2012 U.S. Dist. LEXIS 82026
    (N.D. Cal. June 13, 2012).........................................................................15

26

27

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
    598 F.3d 1115 (9th Cir. 2010)....................................................................5

28

*Chowning v. Kohl's Dep't Stores, Inc.*,
     735 F. App'x 924 (9th Cir. 2018)...................................................................19

*Clark v. City of Seattle*,
     899 F.3d 802 (9th Cir. 2018).........................................................................8

*Clinton v. Acequia, Inc.*,
     94 F.3d 568 (9th Cir. 1996)........................................................................6, 7

*Dinan v SanDisk LLC*,
     No. 18-05420-BLF, 2019 U.S. Dist. LEXIS 91633
     (N.D. Cal. May 31, 2019)............................................................................17

*Doe v. Epic Games, Inc.*,
     435 F. Supp. 3d 1024 (N.D. Cal. 2020) .........................................................8

*Ebner v. Fresh, Inc.*,
     838 F.3d 958 (9th Cir. 2016).......................................................................16

*Edison v. United States*,
     822 F.3d 510 (9th Cir. 2016).........................................................................5

*Eliahu v. State of Israel*,
     No. 14-01636-BLF, 2015 U.S. Dist. LEXIS 26073
     (N.D. Cal. Mar. 3, 2015)...............................................................................8

*Figy v. Amy's Kitchen, Inc.*,
     No. 13-03816-SI, 2013 U.S. Dist. LEXIS 167723
     (N.D. Cal. Nov. 25, 2013)............................................................................18

*Freeman v. Time, Inc.*,
     68 F.3d 285 (9th Cir. 1995).........................................................................17

*Genfit S. A. v. Cymabay Therapeutics Inc.*,
     No. 21-00395-MMC, 2022 U.S. Dist. LEXIS 11460
     (N.D. Cal. Jan. 21, 2022)............................................................................14

*Gratz v. Bollinger*,
     539 U.S. 244 (2003) .....................................................................................5

*Henley v. Safeco Ins. Co. of Am.*,
     No. 21-cv-04243-RS, 2021 U.S. Dist. LEXIS 154017
     (N.D. Cal. Aug. 16, 2021)............................................................................11

*Hodsdon v. Mars, Inc.*,
     891 F.3d 857 (9th Cir. 2018)........................................................................14

*Imber-Gluck v. Google, Inc.*,
     No. 14-01070-RMW, 2014 U.S. Dist. LEXIS 98899
     (N.D. Cal. July 21, 2014) ...................................................................14, 15, 18

*Impress Commc'ns v. Unumprovident Corp.*,
     335 F. Supp. 2d 1053 (C.D. Cal. 2003)......................................................6, 7

*In re Firearm Cases*,
     126 Cal. App. 4th 959 (2005)......................................................................15

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ................................................................10

*In re Tobacco II Cases*,
    46 Cal. 4th 298 (2009) ...........................................................................14

*Jogani v. Superior Court*,
    165 Cal. App. 4th 901 (2008) .................................................................20

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ..........................................................10, 16

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ..................................................................11

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005) ................................................................11

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310 (2011) ...........................................................................13

*Lavie v. Procter & Gamble Co.*,
    105 Cal. App. 4th 496 (2003) .................................................................16

*Letizia v. Facebook Inc.*,
    267 F. Supp. 3d 1235 (N.D. Cal. 2017) .................................................18

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
    350 F.3d 1018 (9th Cir. 2003) ..................................................................5

*Live Nation Merch., Inc. v. Does*,
    No. 18-2703, 2018 U.S. Dist. LEXIS 205294
    (S.D. Cal. Dec. 4, 2018) ........................................................................6, 7

*Melchior v. New Line Prods., Inc.*,
    106 Cal. App. 4th 779 (2003) .................................................................20

*Mendia v. Garcia*,
    768 F.3d 1009 (9th Cir. 2014) ..................................................................8

*Monster Energy Co. v. Vital Pharms., Inc.*,
    No. 18-1882, 2019 U.S. Dist. LEXIS 111806
    (C.D. Cal. May 20, 2019) .......................................................................13

*O'Shea v. Littleton*,
    414 U.S. 488 (1974) ..................................................................................5

*Oestreicher v. Alienware Corp.*,
    544 F. Supp. 2d 964 (N.D. Cal. 2008),
    *aff'd*, 322 F. App'x 489 (9th Cir. 2009) ...............................................16

*Olsen v. Breeze, Inc.*, 48 Cal. App. 4th 608 (1996) ...............................15, 18

*Reeves v. Niantic*,
    No. 21-05883-VC, 2022 U.S. Dist. LEXIS 97140
    (N.D. Cal. May 31, 2022) .......................................................................19

*Sisco v. Cosgrove*,
    51 Cal. App. 4th 1302 (1996)................................................................12

*Smith v. Ford Motor Co.*,
    749 F. Supp. 2d 980 (N.D. Cal. 2010) ................................................20

*South Bay Chevrolet v. Gen. Motors Acceptance Corp.*,
    72 Cal. App. 4th 861 (1999)............................................................14, 15

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ...............................................................10

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ...............................................................10

*T. K. v. Adobe Systems Inc.*,
    No. 17-04595-LHK, 2018 U.S. Dist. LEXIS 65557
    (N.D. Cal. Apr. 17, 2018)..........................................................9, 19, 20

*Taylor v. Google LLC*,
    No. 20-07956-VKD, 2021 U.S. Dist. LEXIS 190376
    (N.D. Cal. Oct. 1, 2021) ......................................................................13

*Texas v. United States*,
    523 U.S. 296 (1998) ...............................................................................6

*Thomas v. Anchorage Equal Rights Comm'n*,
    220 F.3d 1134 (9th Cir. 2000)........................................................2, 5, 8

*Twitter, Inc. v. Paxton*,
    26 F.4th 1119 (9th Cir. 2022)......................................................5, 6, 7, 8

*United States v. Schlenker*,
    24 F.4th 1301 (9th Cir. 2022)...............................................................11

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003)..............................................................16

*Waiserman v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
    No. 14-00667, 2014 U.S. Dist. LEXIS 183642
    (C.D. Cal. Oct. 24, 2014) ......................................................................6

*White v. Lee*,
    227 F.3d 1214 (9th Cir. 2000)................................................................5

*Wolfson v. Brammer*,
    616 F.3d 1045 (9th Cir. 2010)................................................................4

**STATUTES**

Cal. Bus. & Prof. Code § 17204................................................................13

Cal. Fam. Code § 6700.......................................................................11, 13

Cal. Fam. Code § 6701(c)..............................................................11, 12, 13

U.S. Const. art. III, § 2, cl. 1 ................................................................................4

**RULES**

Fed. R. Civ. P. 8(a)(2) ........................................................................................10

Fed. R. Civ. P. 9(b) ............................................................................................16

Fed. R. Civ. P. 12(b)(1) ..........................................................................1, 2, 4, 5

Fed. R. Civ. P. 12(b)(6) ........................................................................1, 2, 9, 10

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE** that on September 16, 2022 at 9:00 AM, or as soon thereafter as the matter may be heard, before the Honorable Maxine M. Chesney, in Courtroom 7, 19th Floor, of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Roblox Corporation ("Roblox") will move, and hereby does move, this Court pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b) for an order dismissing the claims asserted by the Plaintiff in this action in the Complaint ("Compl.") (ECF No. 1) with prejudice for lack of subject matter jurisdiction and for failure to state a claim.

Roblox's Motion is based upon this Notice of Motion and Motion and Memorandum of Points and Authorities, the Declaration of Matt Brown in Support of Roblox's Motion to Dismiss ("Brown Decl.") and attachments thereto, as well as the records, pleadings, and papers on file in this action, and upon such other matters as may be presented before or at the time of the hearing on this Motion.

**STATEMENT OF THE ISSUES**

1.      Should the action be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because there is no ripe case or controversy, as required by Article III of the U.S. Constitution?

2.      Should Plaintiff's requests for injunctive relief be dismissed under Fed. R. Civ. P. 12(b)(1) because Plaintiff lacks standing in that he vows he will no longer access the Roblox Platform and could not be injured by any future acts of Roblox?

3.      Should Plaintiff's claims against Roblox be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) because Plaintiff has not and could not state a claim?

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This is "a case in search of a controversy" that fails to meet the test for subject matter jurisdiction under Article III of the Constitution. *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1137 (9th Cir. 2000). Plaintiff alleges that he is a minor under age 18 who purchased "Robux" to spend on Roblox's online platform ("Roblox Platform"), that he became "dissatisfied" with his purchases of Robux, that he "wishe[d] to obtain a refund," and that he "was not aware of a minor's right to disaffirm and request a refund." *See* Compl. ¶¶ 28, 30, 35. Plaintiff filed this lawsuit to ask the Court to rule that, as a minor, he is entitled to a refund under applicable law. Compl. ¶¶ 45-68. Yet Plaintiff admits that Roblox has never told him otherwise. *See* Compl. ¶¶ 1, 21, 49. To the contrary, as Plaintiff concedes, Roblox's express published policy is to provide any refunds "*required by law*." Compl. ¶ 21 (emphasis added). And perhaps most important of all, Plaintiff admits that he never told Roblox prior to filing suit that he wanted to disaffirm his contracts or obtain a refund based on his alleged rights as a minor. *See* Compl. ¶¶ 1, 31, 49, 78.  Had he done so, he would have received a refund for any purchases made by him as a minor, consistent with Roblox's policies. Brown Decl. ¶¶ 7-8.

Because there is no ripe case or controversy to be found in Plaintiff's Complaint, there is no subject matter jurisdiction under Article III of the Constitution, and the entire action must be dismissed under Rule 12(b)(1). Plaintiff's claims for injunctive relief are further subject to dismissal under Rule 12(b)(1) because Plaintiff asserts that he has ceased accessing the Roblox Platform and will never do so again in order to effect the disaffirmance of his contracts with Roblox. Because Plaintiff could never be injured by Roblox again in light of this vow, he lacks standing to seek any prospective injunctive relief.

Plaintiff's claims are also subject to dismissal under Rule 12(b)(6) because, even if Roblox had chosen to dispute Plaintiff's right to a refund and had enacted policies contrary to Plaintiff's legal theories (it has not), Plaintiff's claims are incurably defective. It is a legal fact that minors can legally contract to access online content just like adults. Were it not so, minors would be unable to access any online content from any platform, be it Apple, Google, Facebook, Disney, etc. There is

nothing unfair, unlawful, or deceptive about selling access to online content to minors with a published policy of allowing any refunds "required by law" and complying with that policy. Moreover, as a matter of controlling law, there is no duty owed by one contracting party to another to explain the other's legal rights in connection with the agreement.

For all these reasons, the Court should dismiss this action with prejudice.

## FACTUAL BACKGROUND

### A.    Roblox Grants Refunds to Minors Who Opt to Disaffirm Their Contracts

Roblox operates the Roblox Platform, a virtual world built by players, for players. *See* Compl. ¶ 11. While users under the age of 18 can create accounts and access content on Roblox, the Roblox Terms of Use ("TOU") require minors to have the permission of a parent or legal guardian in order to do so. Compl. ¶ 19; Brown Decl. Ex. 1 ("TOU") § 1(a).

Roblox is free to download and play. Compl. ¶¶ 3, 12. It also offers in-game purchase options. Compl. ¶¶ 4, 12, 13. If users choose to do so, they can purchase a virtual currency called "Robux," which are a license issued by Roblox to engage in certain in-platform entertainment activities. Compl. ¶ 13; TOU § 3(a)-(b). Once a user purchases Robux, the user can spend those Robux on the Roblox Platform in any manner that Roblox allows, including trading Robux to access virtual experiences, games, avatars, outfits, and other content on the Roblox Platform. *See* Compl. ¶¶ 4, 13. Users cannot spend real-world currency to purchase these items; they can only be acquired by exchanging them for Robux. *See* Compl. ¶¶ 4, 12, 13. While purchases of Robux are generally non-refundable, Roblox allows refunds "as required by law." Compl. ¶ 21.

Because purchases of Robux are governed by the Roblox TOU, minor users cannot disaffirm a purchase to get a refund without disaffirming the entire Roblox TOU. *See* Brown Decl. ¶¶ 5-7. It is Roblox's policy to provide such refunds when a minor user opts to disaffirm the Roblox TOU, terminate their account, and cease accessing the Roblox Platform (subject to an opportunity for later reinstatement in some cases). Brown Decl. ¶ 7. Notably, Plaintiff does not allege, nor could he, that Roblox refuses refunds of purchases made by minors where minors have notified Roblox that they wish to disaffirm the Roblox TOU, terminate their Roblox accounts, and request a refund on this basis. *See* Brown Decl. ¶¶ 7-8.

### B.   Plaintiff Wants a Refund, But Never Asked for One

Plaintiff alleges that he is a minor who purchased Robux with his own money; that he was thereafter "dissatisfied" with his purchases; that he wants to disaffirm his contracts with Roblox to get a full refund of his purchases; and that he is eligible for disaffirmance because he "no longer plays Roblox and will not play Roblox in the future." Compl. ¶¶ 9, 29-30.

Plaintiff alleges that he "was not aware of a minors' right to disaffirm and request a refund" before his parent(s) hired an attorney. Compl. ¶ 28. Yet even after his parent(s) hired an attorney for him, Plaintiff did not exercise that right. Compl. ¶¶ 31, 32. Instead, he contends that he, his parent(s), and his attorney reviewed the Roblox TOU and determined that "he was not able to" disaffirm his purchases and request a refund under Roblox's refund policy. *Id.* They reached this conclusion despite (1) the fact Roblox's refund policy states, "All payments for Robux are final and nonrefundable, *except as required by law*"; and (2) believing that "the law allows minors to disaffirm contracts." Compl. ¶¶ 19, 21 (emphasis added), 32.

### ARGUMENT

## I.   THERE IS NO JUSTICIABLE CONTROVERSY

This action should be dismissed under Rule 12(b)(1) for lack of a justiciable case or controversy required by Article III of the U.S. Constitution because (1) Plaintiff's demand for a judicial determination that he is legally entitled to a refund as a minor is not ripe given that he never asked Roblox for a refund on this basis and Roblox never refused this request or controverted this position; and (2) Plaintiff lacks standing to seek prospective injunctive relief given that he has vowed that he will never access the Roblox Platform again.

### A.   Legal Standard

A civil action must be dismissed where there is no subject matter jurisdiction under Article III of the Constitution. Fed. R. Civ. P. 12(b)(1); U.S. Const. art. III, § 2, cl. 1. An actual case or controversy must exist at all stages of review, both "at the time the action is filed" and throughout the litigation. *Wolfson v. Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010). In a putative class action, the named plaintiff must show he or she personally has standing—allegations of injury to the class are insufficient. *Gratz v. Bollinger*, 539 U.S. 244, 289 (2003). "[O]ur law makes clear that 'if none

of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.'" *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)).

Where, as here, a defendant brings a factual attack on jurisdiction under 12(b)(1), courts "need not presume the truthfulness of the plaintiffs' allegations," *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000), and may "look beyond the pleadings to the parties' evidence," *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). The Court may thus consider the Declaration of Matt Brown submitted herewith in connection with dismissal under Rule 12(b)(1).

## B.    Plaintiff's Conjectural Lawsuit Is Not Ripe

Plaintiff's preemptive lawsuit is not ripe because Plaintiff asks this Court for a judicial determination that he is legally entitled to a refund as a minor even though (i) he has never asked Roblox for a refund on this basis and (ii) Roblox has never refused such a request or controverted this position. *See* Compl. ¶¶ 45-54.

"The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring, inter alia, that plaintiffs have standing and that claims be 'ripe' for adjudication." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir. 2010). "Along with standing and mootness, ripeness is one of three justiciability requirements." *Twitter, Inc. v. Paxton*, 26 F.4th 1119, 1122-23 (9th Cir. 2022). "The 'basic rationale' of the ripeness requirement is 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" *Id.* at 1123 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)).

Ripeness has "both a constitutional and prudential component." *Thomas*, 220 F.3d at 1138 (quotations and citations omitted). The constitutional component "is synonymous with the injury-in-fact prong of the standing inquiry." *Twitter*, 26 F.4th at 1123 (citation omitted). It asks "whether the issues presented are definite and concrete, not hypothetical or abstract." *Id.* (citation omitted). The prudential component, on the other hand, requires an evaluation of "both the fitness of the issues

for judicial decision and the hardship to the parties of withholding court consideration." *Id.* (citations omitted).

A plaintiff cannot sue for declaratory relief or any other relief premised on the defendant's alleged breach of legal obligations if the defendant's performance of those obligations has not yet come due or been repudiated. *See Texas v. United States*, 523 U.S. 296, 300 (1998). As the Ninth Circuit has explained, "a case is not ripe where the existence of the dispute itself hangs on future contingencies that may or may not occur." *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996); *see also Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009) (same). Case after case holds that a matter is not ripe for adjudication when such contingencies remain. *See, e.g.*, *Live Nation Merch., Inc. v. Does*, No. 18-2703, 2018 U.S. Dist. LEXIS 205294, at *10-11 (S.D. Cal. Dec. 4, 2018) (trademark claims to stop bootlegging of merchandise at concert not ripe because the concert—and any possible bootlegging—had not yet occurred); *Impress Commc'ns v. Unumprovident Corp.*, 335 F. Supp. 2d 1053, 1059 (C.D. Cal. 2003) (ERISA and RICO claims brought by insureds not ripe because they never sought benefits from insurer).

As one court stated:

> [Plaintiff] alleges that because the defendants had no intention of paying out claims, they misappropriated his money. This supposition is pure speculation. How could [plaintiff] know whether defendants would pay out his claim if he never submitted one? Therefore, [plaintiff] cannot satisfy Article III, which requires concrete, not speculative harm.

*Waiserman v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 14-00667, 2014 U.S. Dist. LEXIS 183642, at *6 (C.D. Cal. Oct. 24, 2014).

Here, Plaintiff's lawsuit is not ripe because Plaintiff admits he never told Roblox he wished to disaffirm his contract to obtain a refund based on his age. He did not do so even after allegedly reviewing the TOU with both his parent(s) *and his counsel*. Compl. ¶ 32. This is confounding. As Plaintiff concedes, Roblox's TOU state that "[a]ll payments for Robux are final and not refundable, *except as required by law*." Compl. ¶ 21 (emphasis added). Thus, if Plaintiff is correct that he has a legal right to disaffirm, then Roblox's TOU have not made any statement contrary to those asserted

legal rights.[1] *Id.* Plaintiff nonetheless filed this class action lawsuit without ever testing whether there was any dispute between the parties. *See* Compl., Count I, ¶¶ 45-54. Had Plaintiff instead taken the obvious step of first informing Roblox of his request for a refund based on his age, *he would have received a refund for any purchases made by him as a minor pursuant to Roblox's policies.* Brown Decl. ¶¶ 7-8.

The ripeness doctrine does not permit Plaintiff to take this unfair short cut. *See Twitter*, 26 F.4th at 1123 (ripeness doctrine exists to prevent "premature adjudication"). Even if Plaintiff has now disaffirmed his contract by filing suit, two contingencies still remain before Plaintiff's dispute ripens: *first*, Plaintiff would have to provide the account information necessary for Roblox to identify and refund his purchases; and *second*, Roblox would have to deny Plaintiff's refund request. Neither has happened, and consequently, this lawsuit is not ripe. *See Clinton*, 94 F.3d at 572 (breach-of-contract claim not ripe because the time for contractual performance had not yet passed); *see also, e.g., Live Nation Merch.*, 2018 U.S. Dist. LEXIS 205294, at *10-11 (no ripeness where "[p]laintiff presents a hypothetical and speculative threat of injury that may or may not occur"); *Impress Commc'ns*, 335 F. Supp. 2d at 1059 (same; "Plaintiffs here have never sought *any* benefits under Defendants' plans. An allegation that Defendants' administration of the plan might result in denial of future benefits is purely speculative and does not suffice to constitute a breach of contract. Without this breach, Plaintiffs have suffered no injury . . . .").

Roblox cannot be sued for failing to do the impossible. It was impossible for Roblox to refund Plaintiff under its policy because it did not learn of his disaffirmance until he filed this action. *See* Compl. ¶ 1 ("*By filing this action*, Plaintiff hereby disaffirms his entire contract with Defendant." (emphasis added)). And it is still impossible for Roblox to refund Plaintiff because he has not provided Roblox with his account and personal information needed to determine the amount and recipient of the refund. As such, Plaintiff cannot be said to have suffered an injury at the hands of Roblox given that he never sought any redress from Roblox.

---

[1] Plaintiff asserts that Roblox somehow "denies" his ability to disaffirm "as evidenced by its denial of the right to be refunded in its Terms of Use." Compl. ¶ 51. That allegation is patently false. Roblox's TOU in fact state the opposite: that refunds are permitted where required by law.

If Plaintiff suffered any harm, it resulted from his own decision not to request a refund from Roblox. And the law is clear that "[a] plaintiff cannot sustain Article III standing based on injuries that are self-inflicted." *Eliahu v. State of Israel*, No. 14-01636-BLF, 2015 U.S. Dist. LEXIS 26073, at *25 (N.D. Cal. Mar. 3, 2015) (citing *Mendia v. Garcia*, 768 F.3d 1009, 1013 n.1 (9th Cir. 2014)), *aff'd*, 659 F. App'x 451 (9th Cir. 2016).[2]

Because Plaintiff lacks constitutional standing, the Court can end its analysis here. *See Clark v. City of Seattle*, 899 F.3d 802, 813 n.6 (9th Cir. 2018). But the two prudential factors—fitness for judicial review and the hardship of withholding consideration—would only reinforce the conclusion that Plaintiff has failed to present a ripe dispute. *See Twitter*, 26 F.4th at 1123. Plaintiff's lawsuit is not fit for judicial review. The allegations regarding the dispute are "devoid of any specific factual context" because Plaintiff never even tried to disaffirm his purchases with Roblox before filing this suit. *See Thomas*, 220 F.3d at 1141. Nor would Plaintiff suffer any hardship if the Court declines to adjudicate this case now. Though he has never asked, Roblox's policies would have provided a refund for any purchases made by him as a minor. Brown Decl. ¶¶ 7-8. Conversely, Roblox would be made to litigate a putative nationwide class action in a vacuum despite having a policy that already allows for refunds under these circumstances.

In sum, the ripeness doctrine requires dismissal of this action, and the Court should decline Plaintiff's invitation to render an advisory opinion on his statutory entitlement to a refund.

### C.    Plaintiff Lacks Standing to Seek Prospective Injunctive Relief

Plaintiff's claims for injunctive relief fail because Plaintiff has disaffirmed his contract with Roblox and vowed that he will never access the Roblox Platform again, thereby ensuring that he can never be wronged by Roblox again in a similar way.

To have standing to seek injunctive relief, a prospective remedy, the plaintiff "must demonstrate a real or immediate threat" that he or she will again be wronged in a similar way. *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999); *see also Bruton v. Gerber Prod.*

---

[2] For this reason, Plaintiff cannot rely on cases involving minors' disaffirmance where the defendant had controverted the Plaintiff's entitlement to a refund and "argue[d] that plaintiff did not and cannot disaffirm contracts with defendant." *See, e.g.*, *Doe v. Epic Games, Inc.*, 435 F. Supp.3d 1024, 1044 (N.D. Cal. 2020).

*Co.*, No. 12-02412-LHK, 2018 U.S. Dist. LEXIS 30814, at *14 (N.D. Cal. Feb. 13, 2018) ("A plaintiff must establish a real and immediate threat of repeated injury. The alleged threat cannot be conjectural or hypothetical." (quotations and citations omitted)); *T. K. v. Adobe Systems Inc.*, No. 17-04595-LHK, 2018 U.S. Dist. LEXIS 65557, at *40 (N.D. Cal. Apr. 17, 2018) ("Where standing is premised entirely on the threat of repeated injury, a plaintiff must show a sufficient likelihood that [s]he will again be wronged in a similar way." (quotations and citations omitted)).

*T. K. v. Adobe Systems Inc.* is directly on point. There, Judge Koh *sua sponte* dismissed the injunctive relief claims for lack of Article III standing because (1) the plaintiff conceded that "she disaffirmed the contract with Adobe" and (2) there was no evidence that the plaintiff either continued to use, or had plans to use, Adobe products again. 2018 U.S. Dist. LEXIS 65557, at *40; *see also Plumas Unified Sch. Dist.*, 192 F.3d at 1264 (affirming that plaintiff lacked standing to seek injunctive relief with respect to school policies because "he no longer [was] a student" at that school).

Just as in *T. K.* and *Plumas*, here, Plaintiff cannot allege that he suffers any real and immediate threat of repeated injury from Roblox. Instead, by his own admission, Plaintiff "no longer plays Roblox and will not play Roblox in the future." Compl. ¶ 9. It follows that he cannot possibly establish that he will again be harmed by Roblox in any way, leaving him without standing for the injunctive relief that he requests. Compl. ¶ 50 (seeking injunctive relief with respect to the declaratory judgment claim regarding disaffirmance), ¶ 83 (seeking injunctive relief with respect to the UCL claim). This Court should thus follow *T. K.* and *Plumas* and dismiss Plaintiff's injunctive relief claims with prejudice.

## II.      THE ACTION SHOULD BE DISMISSED UNDER RULE 12(B)(6)

As explained above, Roblox has not and would not reject Plaintiff's request for a refund for any purchases made by him as a minor, as it is Roblox's policy to provide such refunds when a minor user opts to disaffirm the Roblox TOU and terminate their account. Brown Decl. ¶¶ 7-8. But even if Roblox had disputed Plaintiff's request for a refund (it has not), Plaintiff's claims are subject to dismissal under Rule 12(b)(6) because Plaintiff's legal theories do not state a claim.

1

## A.      Legal Standard

2        To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient

3  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

4  *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

5  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

6  "Factual allegations must be enough to raise a right to relief above the speculative level . . . ."

7  *Twombly*, 550 U.S. at 555. Moreover, "[c]ourts do not 'accept as true allegations that are merely

8  conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Backus v. Biscomerica*

9  *Corp.*, 378 F. Supp. 3d 849, 853 (N.D. Cal. 2019) (quoting *In re Gilead Scis. Sec. Litig.*, 536 F.3d

10  1049, 1055 (9th Cir. 2008)); *accord Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it

11  tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting *Twombly*, 550 U.S.

12  at 557)). And courts are not "bound to accept as true a legal conclusion couched as a factual

13  allegation." *Twombly*, 550 U.S. at 555 (citation omitted).

14        In addition, the Court should not "accept as true allegations that contradict matters properly

15  subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th

16  Cir. 2001). Similarly, "in order to prevent plaintiffs from surviving a Rule 12(b)(6) motion by

17  deliberately omitting documents upon which their claims are based, a court may consider a writing

18  referenced in a complaint but not explicitly incorporated therein if the complaint relies on the

19  document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir.

20  2007). This rule also "prevents plaintiffs from selecting only portions of documents that support

21  their claims, while omitting portions of those very documents that weaken—or doom—their

22  claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Thus,

23  incorporation by reference is appropriate "even though the plaintiff does not explicitly allege the

24  contents of [a] document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

25        The Court may thus properly consider the Roblox TOU attached as Exhibit 1 to the

26  Declaration of Matt Brown because it is quoted and relied upon throughout the Complaint. *See*

27  Compl. ¶¶ 19-22, 24, 25, 32, 51, 62.

28

**B.    Plaintiff Fails to State a Claim for Declaratory Relief on Voidability**

Even if the Court had subject matter jurisdiction (it does not), Plaintiff fails to state a claim for declaratory judgment that his contracts with Roblox are voidable. Declaratory judgment is only appropriate where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Henley v. Safeco Ins. Co. of Am.*, No. 21-cv-04243-RS, 2021 U.S. Dist. LEXIS 154017, at *3 (N.D. Cal. Aug. 16, 2021) (dismissing request for declaratory judgment). Here*,* Plaintiff does not present *any* controversy on whether he is entitled to a refund, let alone one that is substantial, immediate, and real. As explained above, Plaintiff alleges no facts showing that Roblox would deny his request for refund had Plaintiff sought to disaffirm his contracts with Roblox on the basis of his age. Thus, for much the same reason that this dispute is not ripe, Plaintiff fails to state a claim under the Declaratory Judgment Act. *See United States v. Schlenker*, 24 F.4th 1301, 1306 (9th Cir. 2022) ("The 'actual controversy' requirement [for the purposes of the Declaratory Judgment Act] is the same as the 'case or controversy' requirement in Article III of the Constitution.").

**C.    Plaintiff Fails to State a Claim For Declaratory Relief on Nullity**

Plaintiff's contracts with Roblox are not void *ab initio* under California Family Code § 6701(c) because they do not involve "personal property not in the immediate possession or control of [a] minor." Section 6701(c) is an exception to the general rule that "a minor may make a contract in the same manner as an adult, subject to the power of disaffirmance." Cal. Fam. Code § 6700. The exceptions set out in § 6701 "must be construed narrowly." *C.M.D. v. Facebook, Inc.*, No. 12-1216-RS, 2014 U.S. Dist. LEXIS 41371, at *9 (N.D. Cal. Mar. 26, 2014) ("*C.M.D. I*"), *aff'd*, 621 F. App'x 488 (9th Cir. 2015) ("*C.M.D. II*").

*C.M.D. v. Facebook* rejected the argument that a contract involving intangible rights was void pursuant to Section 6701(c). There, the plaintiffs claimed that Section 6701(c) voided their agreement to the Facebook terms of use, a provision of which granted Facebook the right to use plaintiffs' names and likenesses in advertisements. *See id.* at *8-13. In dismissing that claim, the court held that "the reference to property 'in the immediate possession' of the minor supports a

conclusion that the section is primarily intended to address *tangible* personal property" not in the

possession of the minor and "only renders void certain contracts relating to such property." *Id.* at

*12. "Regardless of exactly how the rights putative class members hold in their names and profile

pictures may be labeled," the court wrote, "they cannot be fairly characterized as 'personal property

not in the immediate possession or control of the minor.'" *Id.*

The Ninth Circuit affirmed the dismissal, explaining that "Section 6701(c) of the Family

Code is meant to prevent minors from contracting away future rights." *C.M.D. II*, 621 F. App'x at

489 (citing *Sisco v. Cosgrove*, 51 Cal. App. 4th 1302, 1307 (1996)). It held that "[t]he permission

Plaintiffs gave Facebook did not involve such [future] rights." *Id.*

Just like the intangible intellectual property rights at issue in *C.M.D.*, the Robux allegedly

purchased by Plaintiff here were an intellectual property right—a "license" to use the Roblox

software and engage in permitted activity on the Roblox Platform. TOU § 3(b) ("When User buys

Robux, User receives only a limited, non-refundable, non-transferable (except as specifically set out

in Section 4 below and in Section 2 of the Creator Terms), revocable license to use Robux only for

User's personal entertainment, in connection with the Services, and in the ways permitted by Roblox

in the applicable Roblox Terms."). Moreover, when users "spend" their Robux on the platform by

trading them to access virtual content, no separate legal contract is formed. TOU § 4(a) ("Spending

Robux through the Services is solely for a User's personal entertainment and does not create any

legally enforceable contract between the User and Roblox or any Creator, and the User spending the

Robux does not acquire any enforceable legal rights as a result of such transactions.").

That being the case, transactions for or involving Robux do not fall within the "narrow"

exception for tangible personal property and future rights not in the immediate possession of the

minor, and the "general rule" still applies that minors can contract in the same manner as adults. *See*

*C.M.D. I*, 2014 U.S. Dist. LEXIS 41371, at *9; Cal. Fam. Code § 6700.

Moreover, Plaintiff himself characterizes Robux and virtual items on the Roblox Platform

as services, rather than property. *See* Compl. ¶ 47 ("Roblox gives the consideration of digital content

and entertainment service of the in-game purchases, exchanged for consideration of actual money

from the minor."). No case has held that a license to access online services constitutes "personal

property" for the purposes of Section 6701(c). *See Taylor v. Google LLC*, No. 20-07956-VKD, 2021 U.S. Dist. LEXIS 190376, at *17 (N.D. Cal. Oct. 1, 2021) (holding that plaintiffs did not have a property interest in purchased cellular data allowances because they were merely "a right to obtain services conferred by their contracts with the service providers" and "the benefits of contractual rights are not personal property capable of conversion") (quoting *Monster Energy Co. v. Vital Pharms., Inc.*, No. 18-1882, 2019 U.S. Dist. LEXIS 111806, at *40 (C.D. Cal. May 20, 2019)).

The Court should thus dismiss Plaintiff's claim that his contracts with Roblox are void.

### D.      Plaintiff Fails to State a Claim Under the UCL

As a threshold matter, Plaintiff lacks standing to bring a claim under the Unfair Competition Law ("UCL") because he has not suffered an injury in fact caused by Roblox's conduct. Even if he had UCL standing, Plaintiff fails to allege that Roblox engaged in any "unlawful," "unfair," or "fraudulent" conduct by maintaining a policy that allows for legally required refunds. Plaintiff is also without remedies under the UCL as explained below. For all these reasons, the Court should dismiss Plaintiff's UCL claim.

### 1.      Plaintiff Lacks Standing Under the UCL

Only plaintiffs who have "suffered injury in fact" and "lost money or property *as a result of* the unfair competition" have standing to bring a UCL claim. Cal. Bus. & Prof. Code § 17204 (emphasis added); *see also Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011) (a plaintiff must show "that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim"). Plaintiff cannot come close to making the required showing. As discussed above, Plaintiff has failed to allege that he suffered an injury in fact caused by Roblox's conduct for the simple reason that he never gave Roblox the opportunity to refund his purchases. *See supra* Section I.B (explaining that Plaintiff's claim is not ripe for this reason). Further, to the extent Plaintiff premises his UCL claim on allegations that Roblox misrepresented its refund policy (*see* Compl. ¶¶ 73-79), Plaintiff lacks UCL standing because he has not shown that he relied on—or even read—any alleged misrepresentation before purchasing Robux. *See infra* Section II.D.4 (explaining that Plaintiff's claim under the UCL's fraudulent prong fails due to lack of reliance); *see also In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009) ("reliance

is the causal mechanism of fraud"). Plaintiff's UCL claim therefore cannot advance beyond the threshold question of standing.

### 2. Plaintiff Has No "Unlawful" UCL Claim

Dismissal of a UCL "unlawful" claim is required where, as here, a plaintiff fails to allege a violation of the underlying statutory provision. *See Imber-Gluck v. Google, Inc.*, No. 14-01070-RMW, 2014 U.S. Dist. LEXIS 98899, at *18-19 (N.D. Cal. July 21, 2014) (dismissing UCL claim because of the dismissal of the underlying causes of action); *see also Genfit S. A. v. Cymabay Therapeutics Inc.*, No. 21-00395-MMC, 2022 U.S. Dist. LEXIS 11460, at *20 (N.D. Cal. Jan. 21, 2022) (Chesney, J.) (same). Plaintiff premises his UCL unlawful claim on allegations that Roblox denied him a refund in violation of the California Family Code. *See* Compl. ¶¶ 71-72. But as discussed above, Plaintiff's request for a declaration that his purchases are voidable is not ripe, and his alternative request for a declaration that they are void fails as a matter of law. *See supra* Sections I.B, II.C. Those failures are dispositive of Plaintiff's UCL unlawful claim.

### 3. Roblox Did Not Engage in "Unfair" Conduct

"[A]n 'unfair' business practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *South Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 886-87 (1999) (citation omitted); *see also Hodsdon v. Mars, Inc.*, 891 F.3d 857, 867 (9th Cir. 2018) (applying the *South Bay* test); Compl. ¶ 73 (invoking the *South Bay* test). Nothing like that happened here. And even if it had, balancing "the utility of the defendant's conduct against the gravity of the harm to the alleged victim" tips heavily in Roblox's favor. *South Bay*, 72 Cal. App. 4th at 886 (citation omitted).

Plaintiff claims that Roblox "illegally and unscrupulously den[ies] minors any refunds they seek." Compl. ¶ 73. But Plaintiff fails to allege any facts showing Roblox ever denied Plaintiff a refund when he disaffirmed his contract and requested a refund based on his age. To the contrary, Plaintiff concedes this never happened. *See* Compl. ¶¶ 1, 31, 49, 78. Moreover, there is nothing unfair about selling access to online content to minors with a published policy of allowing any disaffirmance "required by law" and complying with that policy. *See South Bay*, 72 Cal. App. 4th

at 886-87; *see also Castagnola v. Hewlett-Packard Co.*, No. 11-05772-JSW, 2012 U.S. Dist. LEXIS 82026, at \*27-29 (N.D. Cal. June 13, 2012) (dismissing UCL claim asserting that defendant misled consumers into thinking its services were free when, in fact, defendant provided "offer details" clarifying that consumers would be charged activation and monthly fees).

Nor is the "utility" of Roblox's refund policy "outweighed by the harm caused to" Plaintiff (s*ee* Compl. ¶ 73) because Roblox's conduct did not cause Plaintiff harm at all. Any injury that he suffered resulted from his own decision not to request a refund for purchases he wished to disaffirm. This alleged injury is one that Plaintiff "could reasonably have avoided" by requesting the relief he wanted and asserting the basis for that relief, leaving him without a claim under the UCL's unfair prong. *See Imber-Gluck*, 2014 U.S. Dist. LEXIS 98899, at \*19 (citation omitted); *see also In re Firearm Cases*, 126 Cal. App. 4th 959, 981 (2005) ("[T]he challenged practice must be the likely cause of substantial injury."). By contrast, users benefit from Roblox maintaining a refund policy as part of its TOU that clearly and succinctly informs them that refunds are available where required by law.

If anything, users would be harmed if Roblox were to clutter the TOU with every possible basis for contractual disaffirmance, the exceptions thereto, the exceptions to the exceptions, and so on. As a matter of controlling law, there is "no general duty owed by one contracting party to another to explain the other's legal rights in connection with the agreement." *Olsen v. Breeze, Inc.*, 48 Cal. App. 4th 608, 622-23 (1996) (affirming dismissal of UCL claim where plaintiff alleged liability release was unclear because "[i]t is pure speculation a party faced with a release which may or may not cover a given injury will forego the possibility of redress").

Finally, where a plaintiff's claims under the unfair prong "overlap entirely" with their claims under the fraud prong, "[the] UCL unfair prong claims fail if [the] UCL fraudulent prong claims fail." *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 561 (N.D. Cal. 2019) (citations omitted). Because Plaintiff fails to state a claim under the UCL's fraudulent prong, *see infra* Sections II.D.4, II.D.5, Plaintiff's coterminous claim under the unfair prong also fails.

### 4.    Plaintiff's "Fraudulent" Claim Fails

To prevail on a claim under the UCL's "fraudulent" prong, plaintiffs must show "a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228-29 (9th Cir. 2019) (affirming dismissal with prejudice of UCL claim); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965-66 (9th Cir. 2016) (same). "This requires more than a mere possibility that [a defendant's statement] 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" *Becerra*, 945 F.3d at 1228 (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)). California has rejected "a 'least sophisticated consumer' standard." *Id.*

These allegations must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Kearns*, 567 F.3d at 1124-25 (applying Rule 9(b) to UCL fraudulent claims). Rule 9(b) requires particularized allegations specifically identifying the alleged misrepresentations and showing how they were fraudulent. *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 968 (N.D. Cal. 2008) ("[P]laintiffs seeking to satisfy Rule 9(b) must 'set forth an explanation as to why the statement or omission complained of was false and misleading.'" (citation omitted)), *aff'd*, 322 F. App'x 489 (9th Cir. 2009). That includes "'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).

"Time and again, the Ninth Circuit and district courts therein have held that allegations do not satisfy the reasonable consumer test where the [document] containing the alleged misrepresentation includes disclosures that make[] the meaning of the representation clear." *Dinan v SanDisk LLC*, No. 18-05420-BLF, 2019 U.S. Dist. LEXIS 91633, at *12 (N.D. Cal. May 31, 2019). Consumer-deception claims should be dismissed where they would require the court to disregard the plain language of the complete statement made by the defendant. *Id.* at *21 ("What ultimately dooms Plaintiff's claims is that Defendant tells the consumer exactly what she is getting: the package *actually discloses* the fact that Plaintiff complains it omits . . . ."); *see also, e.g.*, *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (holding that no reasonable consumer would be deceived by promotions because they "expressly and repeatedly state[d] the conditions which

must be met in order to win" and "[t]he qualifying language appear[ed] immediately next to the representations it qualifies and no reasonable reader could ignore it"); *Bobo v. Optimum Nutrition, Inc.*, No. 14-2408, 2015 U.S. Dist. LEXIS 187233, at *9 (S.D. Cal. Sept. 11, 2015) ("A plaintiff cannot pursue a claim based on a statement that can only be misleading when the information surrounding it is ignored.").

As in *Dinan*, Plaintiff's claims are doomed because the alleged misrepresentation made by Roblox "actually discloses the fact that Plaintiff complains it omits": the fact that refunds will be given where required by applicable law. Notably, Plaintiff *omits* the dispositive portion of Roblox's statement in asserting his UCL claim, *see* Compl. ¶ 74 (alleging Roblox misled by "explicitly representing that 'All Payments for Robux are final and not refundable'"), but elsewhere in his Complaint concedes the full text of the statement: "All payments for Robux are final and not refundable, *except as required by law*." Compl. ¶ 21 (emphasis added). Ironically, Plaintiff brings a misrepresentation claim that itself misrepresents the relevant language on which his claim depends. When quoted in full, Roblox's refund policy is not "false, deceptive, [or] misleading." Compl. ¶ 79.

This case is thus much easier than *C.W. v. Epic Games, Inc.*, which dismissed a UCL misrepresentation claim based on the defendant's "practice of marketing items as 'non-refundable' without an explicit disclaimer that minors have rights under state law to disaffirm contracts." No. 19-03629-YGR, 2020 U.S. Dist. LEXIS 162490, at *9, *14 (N.D. Cal. Sept. 3, 2020). The *C.W.* court dismissed the same UCL misrepresentation theory even though Epic's terms of service, in contrast to Roblox's, failed to inform users that refunds would be available when required by law.

Moreover, controlling California authority confirms that there is no duty owed by one contracting party to another to explain the other's legal rights in connection with the agreement. *Olsen*, 48 Cal. App. 4th at 622-23. In *Olsen*, the California Court of Appeal held that the plaintiff could not state a claim that a ski resort's liability release was unclear and violated the UCL where the release failed to "expressly exclude" certain types of claims allowed by law. *Id.* at 620. The court recognized that "defendants are under no duty to outline in their releases the details of their customers' legal rights." *Id.* It was sufficient that the release stated it was "not intended to assert any claims or defenses which are prohibited by law." *Id.*

Here, Roblox has made no statement contrary to the proposition that minors can disaffirm their contracts and receive refunds; rather, Roblox's TOU are explicit that they allow refunds where "required by law." Compl. ¶ 21. As in *Olsen*, Roblox has no duty to disclose anything more, and Plaintiff's attempt to suggest otherwise again depends on misdirection. *See* Compl. ¶ 76 (claiming that Roblox has a duty to expressly inform minors "that they had an unrestricted right to refund any purchases" "in light of [Roblox's] explicit representation to the contrary (*e.g.*, that purchases . . . were non-refundable)").

Apart from the lack of a legal duty, any argument that the TOU must specifically inform users that minors can receive refunds for their purchases would lead to absurd results: by that logic, every contract must expressly disclose every possible basis for disaffirmance (intoxication, mental disability, lack of capacity, etc.) or risk a fraudulent UCL claim. That is not the law.

### 5.   Plaintiff's UCL Claims Fail for Lack of Reliance

Plaintiff's claims under the UCL also fail for lack of reliance. To adequately allege reliance for the purposes of the UCL, a plaintiff must "at a minimum allege that he saw the representation at issue." *Figy v. Amy's Kitchen, Inc.*, No. 13-03816-SI, 2013 U.S. Dist. LEXIS 167723, at *13 (N.D. Cal. Nov. 25, 2013); *see also Letizia v. Facebook Inc.*, 267 F. Supp. 3d 1235, 1244 (N.D. Cal. 2017) (collecting UCL cases requiring "plaintiffs to allege they actually saw and relied on alleged misrepresentations"); *Imber-Gluck*, 2014 U.S. Dist. LEXIS 98899, at *20 (UCL fraudulent claims require the plaintiff to "allege with specificity that defendant's alleged misrepresentations . . . were relied upon by the named plaintiffs" and "influenced the named plaintiffs' decision to purchase the product").

Plaintiff does not even allege that he read—much less relied on—Roblox's TOU before he purchased Robux. Compl. ¶ 32. He instead claims that he "read and reviewed" the Terms only "[o]nce his parent retained counsel on his behalf to determine if his purchases could be recovered." *Id.* That is not enough. On similar facts, a court in this District dismissed a plaintiff's UCL fraudulent claim for lack of reliance where the "complaint allege[d] that [plaintiff] was not aware of [defendant's] non-refundability policy until after he made the in-app purchases at issue." *Reeves v. Niantic*, No. 21-05883-VC, 2022 U.S. Dist. LEXIS 97140, at *2 (N.D. Cal. May 31, 2022). Here,

too, Plaintiff "could not have relied on that allegedly misleading statement in [Roblox's] terms of service *at the time of the purchase*." *Id.* (emphasis added). That forecloses Plaintiff's UCL claim.

### 6.    Plaintiff Has No Available Remedies Under the UCL

Under his UCL claim, Plaintiff seeks (1) an injunction, (2) disgorgement of Roblox's "ill-gotten gains," (3) rescission, and (4) restitution. Compl. ¶¶ 83-84. None of these remedies is available to him. First, Plaintiff does not have standing to seek any injunctive relief because he no longer uses Roblox. *See supra* Section I.C. Second, it is blackletter law that disgorgement of profits is not a remedy under the UCL. *See Chowning v. Kohl's Dep't Stores, Inc.*, 735 F. App'x 924, 925-26 (9th Cir. 2018) (holding that non-restitutionary disgorgement "is unavailable in UCL actions"). Third, Plaintiff alleges that he has already disaffirmed—i.e., rescinded—his contract with Roblox by filing this lawsuit, so no contract remains for the Court to rescind. *See* Compl. ¶ 1; *see T. K.*, 2018 U.S. Dist. LEXIS 65557, at *9-10 ("Disaffirmation by a minor rescinds the entire contract . . . ." (citation omitted)). Fourth, Plaintiff's effort to seek restitution falls flat because there was nothing for Roblox to restore to Plaintiff prior to the filing of the lawsuit given that he did not disaffirm his contract until filing the lawsuit. *See supra* Section I.B.

### E.    Plaintiff Fails to State a Claim for Unjust Enrichment

Plaintiff's unjust-enrichment claim fails as a matter of law. As this Court has recognized, unjust enrichment "'is not a separate cause of action,' but, rather, must rely on some other claim that is cognizable." *Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980, 997 (N.D. Cal. 2010) (Chesney, J.) (quoting *Jogani v. Superior Court*, 165 Cal. App. 4th 901, 911 (2008)), *aff'd*, 462 F. App'x 660 (9th Cir. 2011); *see also Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003) (holding that unjust enrichment "does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so").

Even if this Court construed the Complaint's "purported claim[] for unjust enrichment as [a] quasi-contract claim[] seeking restitution," *see Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 133 (N.D. Cal. 2020), restitution would be entirely improper in this case. Roblox did not "fail[] to make restitution under circumstances where it is equitable to do so." *Melchior*, 106 Cal. App. 4th at 793. In fact, Roblox did not "fail[] to make restitution" at all—Plaintiff never gave Roblox the

1   opportunity to do so. Instead of contacting Roblox to disaffirm his contract and request a refund

2   (which, by the plain terms of Roblox's policy, would have been granted if required by law), Plaintiff

3   filed this lawsuit. *See supra* Section I.B. He cannot now contend that Roblox was unjustly enriched

4   for failing to grant a request that Plaintiff never made.[3]

5                                              **CONCLUSION**

6          For the foregoing reasons, the Complaint should be dismissed with prejudice, as any

7   amendment would be futile given Roblox's actual policies that allow the relief Plaintiff seeks.

8

9                                                  Respectfully submitted,

10  Dated:  June 30, 2022                          WILSON SONSINI GOODRICH & ROSATI
                                                    Professional Corporation
11

12
                                                    By: */s/Anthony J Weibell*
13                                                       Anthony J Weibell

14                                                  *Attorneys for Defendant*
                                                    ROBLOX CORPORATION
15

16

17

18

19

20

21

22

23

24

25

26   _____

27   [3] The preemptive nature of Plaintiff's suit distinguishes cases that allowed unjust enrichment
     claims to survive dismissal. *See, e.g.*, *T. K.*, 2018 U.S. Dist. LEXIS 65557, at *27 (declining to
28   dismiss unjust-enrichment claim "based on Adobe's initial refusal to refund all of her
     payments").