1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (*pro hac vice* forthcoming)
Alec M. Leslie (*pro hac vice* forthcoming)
Matthew A. Girardi (*pro hac vice* forthcoming)
Julian C. Diamond (*pro hac vice* forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail: pfraietta@bursor.com
          aleslie@bursor.com
          mgirardi@bursor.com
          jdiamond@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.R. et al.,<br><br>                        Plaintiff,<br><br>        v.<br><br>ROBLOX CORPORATION.,<br><br>                        Defendant. | Case No. 3:22-cv-02716-MMC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Date:   September 16, 2022<br>Time:  9:00 a.m.<br>Dept.:  Courtroom 7, 19th Floor<br>Judge:  Honorable Maxine M. Chesney |

# TABLE OF CONTENTS

PAGE(S)

I.    INTRODUCTION ................................................................................................1

II.   STATEMENT OF FACTS ...................................................................................3

III.  ARGUMENT ......................................................................................................5

      A.    There Is A Justiciable Controversy ..........................................................5

            1.    Plaintiff's Lawsuit Is Ripe ..............................................................5

            2.    Plaintiff Has Standing To Seek Injunctive Relief ..........................9

      B.    Plaintiff States Claims For Declaratory Relief .......................................12

            1.    Plaintiff's Contract With Defendant Is Voidable At Plaintiff's
                  Discretion ......................................................................................12

            2.    Plaintiff's Contracts With Defendant Are Void As A Matter
                  Of Law ...........................................................................................12

      C.    Plaintiff States A Claim Under The UCL For Unlawful And Unfair
            Practices ..................................................................................................15

            1.    Plaintiff Has Standing to Assert His UCL Claim ..........................15

            2.    Plaintiff States a UCL Unlawful Claim .........................................15

            3.    Plaintiff States a UCL Unfair Claim .............................................16

            4.    Defendant's "Remedies" Argument is Incorrect ...........................17

      D.    Plaintiff States A Claim For Unjust Enrichment ....................................18

IV.   CONCLUSION ................................................................................................18

1

**TABLE OF AUTHORITIES**

2

**PAGE(S)**

3

**CASES**

4

*Astiana v. Hain Celestial Grp., Inc.*,
5
    783 F.3d 753 (9th Cir. 2015) ........................................................................ 18

6

*B.C. v. Plumas Unified Sch. Dist.*,
7
    192 F.3d 1260 (9th Cir. 1999) ..................................................................... 11

8

*Bruton v. Gerber Prod. Co.*,
    703 F. App'x 468 (9th Cir. 2017).................................................................. 18

9

*C.M.D. v. Facebook*,
10
    2014 WL 1266291 (N.D. Cal. Mar. 26, 2014) .............................. 13, 14, 15

11

*C.W. v. Epic Games, Inc.*,
    2020 WL 5257572 (N.D. Cal. Sept. 3, 2020) ........................................ 1, 9
12

13

*Celli v. Sports Car Club of Am., Inc.*,
    29 Cal.App.3d 511 (Cal Ct. App. 1972) ....................................................... 6

14

*Clapper v. Amnesty Int'l USA*,
15
    568 U.S. 398 (2013) ................................................................................... 10

16

*Coughenour v. Del Taco, LLC*,
    57 Cal.App.5th 740 (Cal. Ct. App. 2020)...................................................... 6
17

18

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018)......................................................................... 9

19

*Doe v. Epic Games, Inc.*,
20
    435 F. Supp. 3d 1024 (N.D. Cal. 2020)............................................... passim

21

*Doe v. Roblox Corp.*,
    2022 WL 1459568 (N.D. Cal. May 9, 2022)....................... 14, 15, 17, 18

22

*Ervine v. Desert View Reg'l Med. Cntr. Holdings, LLC*,
23
    753 F.3d 862 (9th Cir. 2014) ........................................................................ 9

24

*I.B. by and through Bohannon v. Facebook, Inc.*,
    82 F. Supp. 3d 1115 (N.D. Cal. 2015)................................................ 1, 9, 15
25

26

*I.B. ex rel. Fife, v. Facebook, Inc.*,
    905 F. Supp. 2d 989 (N.D. Cal. 2012) ................................................ passim

27

*In re Apple In-App Purchase Litigation*,
28
    855 F. Supp. 2d 1030 (N.D. Cal. 2012)................................................ 1, 7, 9

*In re ConAgra Foods Inc.*,
    908 F. Supp. 2d 1090 (C.D. Cal. 2012) ............................................................ 18

*Jogani v. Superior Court*,
    165 Cal. App. 4th 901 (2008) ............................................................................ 18

*Lopez v. Kmart Corp.*,
    2015 WL 2062606 (N.D. Cal. May 4, 2015) ....................................................... 6

*Melchior v. New Line Prods., Inc.*,
    106 Cal. App. 4th 779 (2003) ............................................................................ 18

*Morgan v. Morgan*,
    220 Cal. App. 2d 665 (1963) ............................................................................. 12

*Nava v. Kobe Steel, Ltd.*,
    2019 WL 5173767 (N.D. Cal. Oct. 8, 2019) ...................................................... 18

*Reeves v. Niantic, Inc.*,
    2022 WL 1769119 (N.D. Cal. May 31, 2022) .............................................. passim

*Rutherford Holdings, LLC v. Plaza Del Rey*,
    223 Cal.App.4th 221 (2014) .............................................................................. 18

*Smith v. Ford Motor Co.*,
    749 F. Supp. 2d 980 (N.D. Cal. 2010) .............................................................. 18

*Storms v. Paychex, Inc.*,
    2022 WL 2160414 (C.D. Cal. Jan. 14, 2022) ...................................................... 8

*Summers v. Earth Island Inst.*,
    555 U.S. 488 (2009) ............................................................................................ 9

*T. K. v. Adobe Sys. Inc.*,
    2018 WL 1812200 (N.D. Cal. Apr. 17, 2018) ................................................... 11

*Texas v. United States*,
    523 U.S. 296 (1998) ............................................................................................ 7

**STATUTES**

Cal. Civ. Code § 33 ................................................................................................. 12

Cal. Fam. Code § 6701 ...................................................................................... passim

Cal. Fam. Code § 6701(c) .................................................................................. passim

Cal. Fam. Code § 6710 ..................................................................................... 16, 17

Cal. Rev. & Tax. Code § 6011 ................................................................................ 14

1

## I.    INTRODUCTION

2

Like many children, Plaintiff V.R. ("Plaintiff"), a minor and resident of California, spent his

3

own money on in-game purchases in Roblox, a video game created by Defendant Roblox

4

Corporation ("Defendant" or "Roblox").   When Plaintiff made said purchases and entered his

5

contract with Roblox, he did so under the Roblox Terms of Use ("TOU") which (1) maintain both

6

possession and control of players' purchases of Roblox's in game currency ("Robux") and in-game

7

purchases made using said Robux, and (2) state that purchases of Robux and using Robux are non-

8

refundable.  However, contracts with minors for "personal property not in the immediate possession

9

or control of the minor[s]" are void under Cal. Fam. Code § 6701.  Plaintiff's contract with Defendant

10

was thus void *ab initio* under California law, and Plaintiff and the putative class members are entitled

11

to full refunds for their monies spent in Roblox.

12

But even if the contracts were not void from the outset, Plaintiff is still entitled to a refund.

13

Plaintiff stopped playing Roblox while still a minor, and explicitly disaffirmed his contract(s) with

14

Defendant when he first filed his Complaint in this action on May 5, 2022 (ECF No. 1) ("Compl.").

15

California law gives Plaintiff a power of disaffirmance, and every court to examine this issue has

16

recognized the sound policy considerations behind allowing minors, like Plaintiff, to disaffirm

17

contracts in the manner that Plaintiff has.

18

"Simply stated, one who provides a minor with goods or services does so at her own risk."

19

*I.B. ex rel. Fife*, *v. Facebook, Inc.*, 905 F. Supp. 2d 989, 1000 (N.D. Cal. 2012).  Defendant cannot

20

escape liability.   Defendant's Motion to Dismiss (ECF No. 16) ("MTD") rehashes the same

21

arguments that have been uniformly rejected by other courts in this District.  *See, e.g., Reeves v.*

22

*Niantic, Inc.*, 2022 WL 1769119 (N.D. Cal. May 31, 2022), *C.W. v. Epic Games, Inc.*, 2020 WL

23

5257572 (N.D. Cal. Sept. 3, 2020); *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024 (N.D. Cal. 2020);

24

*I.B. by and through Bohannon v. Facebook, Inc.*, 82 F. Supp. 3d 1115 (N.D. Cal. 2015); *I.B. ex rel.*

25

*Fife*, 905 F. Supp. 2d 989; *In re Apple In-App Purchase Litigation*, 855 F. Supp. 2d 1030 (N.D. Cal.

26

2012).  This case is *exactly* like *Reeves* with respect to disaffirmation, where the plaintiff sought to

27

disaffirm contracts entered into on Niantic, Inc.'s "Pokémon Go" video game based on the same

28

---

disaffirmation theory as here.[1]   The *Reeves* court sustained the plaintiff's claims for declaratory judgment on voidability and under the UCL for unlawful and unfair practices.  *Reeves*, 2022 WL 1769119, at *2 (N.D. Cal. May 31, 2022).  This Court should do the same.

With respect to Plaintiff's claim for declaratory relief, Defendant claims there is no ripe case or controversy because Plaintiff did not request a refund in advance of filing this lawsuit.  But this ripeness argument simply does not apply to Plaintiff's claims regarding voidness of the contracts under Cal. Fam. Code § 6701.  Regardless, caselaw within this District uniformly holds that plaintiffs who disaffirm before or within a reasonable time of turning 18, as Plaintiff did here, maintain standing to seek declaratory and injunctive relief under Cal. Fam. Code § 6701.  Plaintiff's request of a refund through filing this lawsuit (and express disaffirmance of his contracts with Defendant in the process) is sufficient.  *See Reeves v. Niantic*, 2022 WL 1769119, at *1 (N.D. Cal. May 31, 2022) (finding that it is not necessary that a plaintiff "request a refund … before filing [a] lawsuit.") (citing *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1036 (N.D. Cal. 2020).

Defendant also argues that Plaintiff's contracts with Roblox are not void under Cal. Fam. Code § 6701(c) because, according to the Defendant, the subject matter of the transactions are "intangible personal property."  But § 6701(c) does not include any such limitation, and Defendant's interpretation is inconsistent with both the caselaw and the plain language of the statute.

Defendant's arguments as to Plaintiff's UCL claims also fail because: (i) Plaintiff has standing to assert his claims; (ii) Plaintiff's claims are adequately pled, and Plaintiff has alleged that he relied on Defendant's misrepresentations and omissions; and (iii) Plaintiff's requested remedies are available to him under the UCL.  *See, e.g.*, *Reeves v. Niantic*, 2022 WL 1769119, at *1 (denying motion to dismiss as to UCL unlawful and unfair claims based on substantially similar allegations).

Finally, Plaintiff has stated a claim for unjust enrichment, which can be plead as a standalone cause of action under California law and does not require a pre-suit demand.

Defendant's motion to dismiss should be denied in full.

---

[1] The *Reeves* plaintiff did not bring a claim based on voidness pursuant to Cal. Fam. Code § 6701, for declaratory judgment or otherwise.

1

## II.   STATEMENT OF FACTS

2      Defendant Roblox sells in-game items and in-game currency for its popular video game,

3  Roblox.  Compl. ¶ 2.  Roblox is ostensibly free to play.  *Id.* ¶ 3.  However, "Roblox realizes billions

4  of dollars in revenue, largely from children."  *Id.*  Roblox is monetized through a system where

5  players can obtain new characters, weapons, and other resources in exchange for virtual currency.

6  *Id.* ¶ 4.  The in-game currency can be purchased from Defendant using real money.  *Id.*

7      Roblox targets minors and is aware that many of its customers are minors.  *Id.* ¶ 19.  A

8  player's birthday is the first thing that a player enters when setting up a Roblox account:

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27



28  Compl. ¶ 19.

---

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

When a minor player signs up for a Roblox account he or she agrees to the Roblox Terms of Use ("TOU") as shown in the above screenshot.  The TOU state, among other things, (1) that "When User buys Robux, User receives only a limited, non-refundable, non-transferable … revocable license to use Robux only for User's personal entertainment"; (2) that "[a]ll payments for Robux are final and not refundable"; (3) "Roblox has and retains all rights in Robux. This includes the right to modify, revoke, or terminate a User's license to use Robux without notice, payment, or liability to User"; and (4) that Defendant "reserves the right to terminate the Studio License, Template License, Other Content License and Roblox Trademark License at any time and for any reason."  Compl. ¶¶ 20-25.  Furthermore, California recognizes that these transactions involve personal property.  Compl. ¶ 59.  Defendant thus (1) contracts with Plaintiff and putative class members for "personal property not in the immediate possession or control" of Plaintiff and other minors in violation of Cal. Fam. Code § 6701 (Compl. ¶ 26) and (2) "misleads or misrepresents the applicable law for transactions, including in-App purchases, with minors."  Compl. ¶ 19.

"After making purchases within the Roblox ecosystem, minors who attempt to request refunds thus find that none of their purchases can be refunded."  *Id.* ¶ 27.  "Without hiring counsel minor Class members and their guardians are not aware of a minor's right to disaffirm and get refunds on in-game purchases."  *Id.*  "Defendant knows that in the state of California, and in most states nationwide, the law allows minors to disaffirm contracts. *Id.* ¶ 19.  "Defendant also knows that a minor can disaffirm contracts without any restrictions; the law permits a minor to do so."  *Id.*  "And finally, Defendant knows that contracts with minors for 'personal property not in the immediate possession or control of the minor[s]' are void under [Cal. Fam. Code § 6701]."  *Id.*

"Within the last year Plaintiff made multiple in-game purchases of Robux in Roblox, using his own money and without the consent of his parent(s)."  *Id.* ¶ 29.  "After making his purchases, Plaintiff wanted to disaffirm them and request a refund."  *Id.* ¶ 31.  "However, he was not able to do so under Roblox's refund policy, which states that '[w]hen a User buys Robux, User receives only a limited, **non-refundable**, non-transferable … revocable license to use Robux only for User's personal entertainment.'" *Id.* (emphasis added).  Thus, Plaintiff chose to disaffirm his contract by filing the instant lawsuit on May 5, 2022.  *Id.* ¶ 1.

1    "Had Defendant provided proper parental control and age verification features, Plaintiff

2    would not have been able to make any of the purchases that he did." *Id.* ¶ 33. "Defendant could also

3    implement features to allow minors to obtain refunds for purchases based on their unrestricted right

4    to disaffirm contracts and/or based upon the fact that minors' purchases of Robux and virtual goods

5    in Roblox are void as a matter of law." *Id.*  Defendant did not do either.

6    **III.    ARGUMENT**

7        **A.    There Is A Justiciable Controversy**

8        Defendant argues this action should be dismissed under Rule 12(b)(1) for lack of Article III

9    standing because "(1) Plaintiff's demand for a judicial determination that he is legally entitled to a

10   refund as a minor is not ripe given that he never asked Roblox for a refund on this basis and Roblox

11   never refused this request or controverted this position; and (2) Plaintiff lacks standing to seek

12   prospective injunctive relief given that he has vowed that he will never access the Roblox Platform

13   again." MTD at 4.  Defendant is wrong on both counts.

14       As an initial matter, Defendant moves to dismiss the entire case based on Plaintiff's purported

15   lack of standing, but only advances arguments relevant to Plaintiff's claims relating to disaffirmation.

16   Defendant's standing argument is entirely irrelevant to Plaintiff's claims related to his contract with

17   Roblox being void *ab initio*.  But even through the narrow lens of applying this argument solely to

18   Plaintiff's claims based upon disaffirmation, Defendant is incorrect.

19       **1.    Plaintiff's Lawsuit Is Ripe**

20       Defendant claims that there is no ripe case or controversy because "Plaintiff asks this Court

21   for a judicial determination that he is legally entitled to a refund as a minor even though (i) he has

22   never asked Roblox for a refund on this basis and (ii) Roblox has never refused such a request or

23   controverted this position." MTD at 11.  That is wrong.  There is a ripe case or controversy here

24   because Plaintiff has disaffirmed his contract, yet Plaintiff has not even been provided with the means

25   to ask for a refund.  "Courts recognize that a plaintiff may seek declaratory relief as to the rights

26   under, and validity of, a contract, as Plaintiff[] do[es] here." *I.B. ex rel. Fife v. Facebook, Inc.*, 905

27   F. Supp. 2d 989, 1005 (N.D. Cal. 2012) (collecting citations).

28       As an initial matter, Plaintiff's claims for declaratory relief are not limited to seeking a

1    determination that his specific contract is voidable.  Plaintiff seeks declaratory judgment by the Court

2    that: "(a) this action may proceed and be maintained as a class action; (b) the sales contracts between

3    Defendant and Class members who are minors, relating to the purchase of in-game currency and

4    virtual items, are voidable at the option of those Class members or their guardians; (c) if the Class

5    members elect to void the contracts, they will be entitled to restitution and interest thereon; (d) an

6    award of reasonable attorneys' fees and costs of suit to Plaintiff and the Class is appropriate; and

7    such other and further relief as is necessary and just may be appropriate as well[,]" and that "(b) the

8    sales contracts between Defendant and Class members who are minors, relating to the purchase of

9    in-game currency and virtual items, are void; [and] (c) the Class members are entitled to restitution

10   and interest thereon[.]"  Compl. ¶¶ 54, 68.  Defendant, however, limits its argument on standing to

11   Plaintiff's disaffirmation/voidability-based claims for declaratory judgment.  Plaintiff responds in

12   kind.

13           With respect to voidability, Plaintiff disaffirmed his contract with Defendant on May 5, 2022.

14   "Disaffirmance may be made by any act or declaration and express notice to the other party is

15   unnecessary."  *Celli v. Sports Car Club of Am., Inc.*, 29 Cal.App.3d 511, 517 (Cal Ct. App. 1972).

16   "The filing of an action is sufficient."  *Id.*; *see also Lopez v. Kmart Corp.*, 2015 WL 2062606, at *5

17   (N.D. Cal. May 4, 2015) ("Filing the instant action was sufficient to disaffirm the contract.");

18   *Coughenour v. Del Taco, LLC*, 57 Cal.App.5th 740, 750 (Cal. Ct. App. 2020) ("The filing of the

19   lawsuit was notice that she disaffirmed the Agreement.").  Thus, Plaintiff disaffirmed his contract on

20   May 5, 2022, when he filed this lawsuit.  *See* Compl. ¶ 1 ("By filing this action, Plaintiff hereby

21   disaffirms his entire contract with Defendant."); *see also id.* ¶ 49 ("Through the filing of this lawsuit,

22   and thus by no later than the filing date of this lawsuit, Plaintiff disaffirmed all in-game purchases

23   he has made through Roblox to-date and requested a refund.").  Contrary to Defendant's assertion,

24   there is no requirement that a plaintiff disaffirm a contract and attempt to obtain a refund *prior* to

25   filing a lawsuit.  *Reeves*, 2022 WL 1769119, at *1 (finding that it is not necessary that a plaintiff

26   "request a refund … before filing [a] lawsuit.") (citing *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d

27   1024, 1036 (N.D. Cal. 2020)).

28           Given that disaffirmance has been effectuated, Defendant's ripeness argument is absurd

1    because the harm Plaintiff seeks to redress here is the continued existence of the contract in

2    conjunction with his lack of ability to receive a refund.  *Doe v. Epic Games* is on point.  In *Doe*, the

3    minor plaintiff sought declaratory judgment on, *inter alia*, his ability to disaffirm his contract with

4    defendant Epic Games related to the video game *Fortnite*.  As Judge Gonzalez Rogers explained:

> Defendant's standing arguments fail to persuade. To claim that there
> is no dispute on disaffirmance strains credulity. Nowhere in its
> numerous filings related to the pending motions does defendant
> suggest that it agrees with plaintiff's position on disaffirmance or
> refunds, such that there can be no dispute. To the contrary, in its
> motion, defendant argues that plaintiff did not and cannot disaffirm
> contracts with defendant.

*Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1044 (N.D. Cal. 2020).  In contrast, each of

Defendant's citations on this point dealt with a case where the time for performance had not yet

passed and/or no injury had occurred.  *See* MTD at 7.  But here, Plaintiff's harm is not "conjectural";

it is real, tangible, and ongoing.

As Defendant puts it, "[a] plaintiff cannot sue for declaratory relief or any other relief

premised on the defendant's alleged breach of legal obligations if the defendant's performance of

those obligations has not yet come due or been repudiated."  MTD at 6 (citing *Texas v. United States,*

523 U.S. 296, 300 (1998)).  Here, Defendant's "performance of those obligations" at issue came due

on May 5, 2022.  Plaintiff's harm remains.  Thus, the lawsuit is ripe.  As Judge Gonzalez Rogers

stated in *Doe*:

> **Here, defendant is not entitled to dismissal simply because it has
> not affirmatively rejected a refund request. Nor can defendant
> claim to be ignorant regarding plaintiff's position on
> disaffirmance.** Rather, like in *T.K.*, there exists an actual
> controversy between the parties over the rights of minors to
> disaffirm in-App purchases and, if the contracts can be disaffirmed,
> whether minors are entitled to refunds. *See In re Apple In-App
> Purchase Litig.*, 855 F. Supp. 2d 1030, 1035-36 (N.D. Cal. 2012)
> (denying motion to dismiss declaratory relief claim for
> determination that minors' sales contracts of in-app game currency
> are voidable).

*Doe*, 435 F. Supp. 3d 1024, 1045 (N.D. Cal. 2020) (emphasis added); *see also Reeves*, 2022 WL

1769119, at *1 ("Nor must the [declaratory judgment] claim be dismissed because Reeves did not

1    request a refund directly from Niantic before filing this lawsuit.") (citing *Doe v. Epic Games, Inc.*,

2    435 F. Supp. 3d 1024, 1036 (N.D. Cal. 2020)).

3        Defendant also claims it *would have* refunded Plaintiff, and that it is Roblox's "policy" to

4    refund minors who disaffirm contracts.[2]   MTD at 6, 7.   But this argument presents a "catch-22"

5    because Roblox provides no actual means for Plaintiff to request such a refund.   Thus, Defendant's

6    citation to language in its TOU stating that "payments for Robux are final and not refundable, *except*

7    *as required by law*" does not change the calculus.   MTD at 6.

8        Once again, *Doe* is on point.   There, the court found a ripe controversy even though Epic

9    Games's Extended Use License Agreement had a near-identical clause to the one Defendant tries to

10    hide behind here.   *See Doe*, 435 F. Supp. 3d at 1049 ("[U]nder the EULA, purchases of V-Bucks and

11    content are final and not refundable except 'as otherwise required by applicable law.'").   Further, the

12    phrase "except as required by applicable law" is vague to the point of unconscionability as no child

13    plaintiff would reasonably read that clause as permitting them to disaffirm their contract and seek a

14    refund.   *See, e.g.*, *Storms v. Paychex, Inc.*, 2022 WL 2160414, at *15 (C.D. Cal. Jan. 14, 2022)

15    (holding clause stating that "[e]xcept as otherwise required by law, the parties will each pay their

16    own attorneys' fees and expenses" unenforceable in part because "[a]lthough this does not make the

17    provision per se substantively unconscionable, its lack of clarity to a reasonable employee presents

18    concerns.").   Simply put, it is not enough that Defendant claims that it *would have* given Plaintiff a

19    refund and points to a vague clause that could imply (without providing any avenue to actually

20    request a refund) that it would have done so.   That is especially true, where, as here, the clause does

21    not even point towards any means whatsoever for Plaintiff (or anybody else) to request a refund, and

22    instead just states that refunds are generally not given.

23        In sum, Plaintiff disaffirmed his contract.   Defendant failed, and continues to fail, to provide

24    any reasonable means for Plaintiff to seek or receive a refund.   Plaintiff seeks declaratory judgment

25    regarding his right and ability to disaffirm his contract with Defendant.   Thus, like in *Doe, Reeves*,

26

27    _____

[2] Besides being irrelevant, Defendant's reliance on a declaration stating that it *would have* refunded
       Plaintiff is inappropriate at this stage of the proceedings because it creates a factual issue that
28     contradicts the allegations in the Complaint.   *See, e.g.*, Compl. ¶¶ 17, 73.

1   *C.W.*, *I.B.*, and *In re Apple*, there is a ripe controversy with respect to Plaintiff's claims for declaratory

2   judgment regarding that right.  *See Reeves*, 2022 WL 1769119, at *1 ("There is an actual case or

3   controversy between the parties as to whether Reeves and other minors may disaffirm contracts and

4   receive a refund for purchases made before they turned eighteen."); *C.W.*, 2020 WL 5257572, at *1,

5   2 (N.D. Cal. Sept. 3, 2020) (Citing *Doe* as having "rejected Epic Games' request for dismissal of

6   plaintiffs' claims for declaratory judgment on the grounds that there is an actual controversy between

7   the parties over the rights of minors to disaffirm in-App purchases and, if the contracts can be

8   disaffirmed, whether minors are entitled to refunds" and holding once again that "Defendant's motion

9   to dismiss plaintiffs' claims for a declaratory judgment and violation of the UCL's 'unlawful' prong

10  is DENIED."); *I.B. ex rel. Fife*, 905 F. Supp. 2d at 1013 ("The motion to dismiss the following claims

11  is DENIED: a. declaratory relief claims brought by the minor Plaintiffs to disaffirm their contracts

12  pursuant to California Family Code sections 6701(c) and 6710[.]"); *In re Apple In-App Purchase*

13  *Litig.*, 855 F. Supp. 2d 1030 (Denying motion to dismiss claims for declaratory judgment re:

14  disaffirmation).

### 2.   Plaintiff Has Standing To Seek Injunctive Relief

16       Defendant also argues that Plaintiff lacks standing to pursue injunctive relief because

17  "Plaintiff has disaffirmed his contract with Roblox and vowed that he will never access the Roblox

18  Platform again, thereby ensuring that he can never be wronged by Roblox again in a similar way."

19  MTD at 8.  Defendant is wrong again.

20       A plaintiff seeking prospective injunctive relief must show a "real and immediate threat of

21  repeated injury ... [and] a sufficient likelihood that [they] will be wronged again in a similar way."

22  *I.B. by & through Bohannon v. Facebook, Inc.*, 82 F. Supp. 3d 1115, 1123 (N.D. Cal. 2015) (quoting

23  *Ervine v. Desert View Reg'l Med. Cntr. Holdings, LLC*, 753 F.3d 862, 867-68 (9th Cir. 2014)).  "For

24  injunctive relief, which is a prospective remedy, the threat of injury must be 'actual and imminent,

25  not conjectural or hypothetical.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir.

26  2018) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).  "In other words, the

27  'threatened injury must be certainly impending to constitute injury in fact' and 'allegations of

28  possible future injury are not sufficient.'" *Davidson*, 889 F.3d 956 at 967 (quoting *Clapper v.*

1    *Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)).

2           Here, Plaintiff's threatened injury is impending in that Defendant could continue to deprive

3    Plaintiff of means to a refund, and thus continue to further harm Plaintiff.  In other words, Plaintiff's

4    harm is ongoing rather than finite and Plaintiff is currently deprived of the refund that he is legally

5    entitled to.  This harm is redressable through injunctive relief because such relief could provide a

6    mechanism through which Plaintiff could receive his refund and end this ongoing harm.  In fact,

7    injunctive relief could provide a uniquely appropriate way to address the harm at issue here because

8    Roblox is aware of which of its players/customers are minors.  *See* Compl. ¶ 19.  Thus, injunctive

9    relief could potentially take the form of adding a "refund purchase" button for players who are not

10   bound by Roblox's contracts (i.e., refund-seekers who are either under the age of 18 or who seek a

11   refund within a "reasonable time" after turning 18).  While Plaintiff has disaffirmed his contract and

12   will not play Roblox again nor spend money on Roblox, Plaintiff would certainly avail himself of

13   the ability to seek a refund through the Roblox platform were one made available.  Thus, Plaintiff's

14   harm is redressable through the requested injunctive relief.

15          In *Reeves*, the Plaintiff advanced an identical disaffirmation theory to the one here, including

16   claims for injunctive relief under the UCL.  The *Reeves* plaintiff, in addition to vowing to never play

17   Pokémon Go again (as Plaintiff has here), had already reached the age of majority.  Thus, even if the

18   *Reeves* plaintiff made a future contract with (the defendant) Niantic that he wanted to disaffirm (in

19   spite of his vow to never play again), he would not have been able to disaffirm the contract because

20   he would have contracted after reaching the age of majority.  In other words, the *Reeves* plaintiff had

21   *zero* risk of suffering the *same* injury in the way Defendant argues (*see* MTD at 8-9) that he must in

22   order to have had standing for injunctive relief.   Even still, the *Reeves* plaintiff's "unlawful and

23   unfair practices" UCL claims, which included claims for injunctive relief, survived dismissal.

24   *Reeves*, 2022 WL 1769119, at *1.

25          Defendant primarily relies on *T.K. v. Adobe Systems Inc.*, where Judge Koh *sua sponte*

26   dismissed injunctive relief claims that narrowly and specifically requested "an injunction requiring

27   Adobe to conform its practices to California and federal law" and "[a]n injunction that either requires

28   Adobe to either cease selling subscriptions to the ACCP to minors or substantially change its

---

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS                                                          10
CASE NO. 3:22-CV-02716-MMC

practices regarding transactions with minors, and to otherwise conform its practices with California and federal law." *T. K. v. Adobe Sys. Inc.*, 2018 WL 1812200, at *14 (N.D. Cal. Apr. 17, 2018).  The court found that the *T.K.* Plaintiff lacked standing to pursue those specific injunctive relief claims because the Plaintiff was not at risk of repeated harm in those specific ways.  Similarly, in *Plumas*, the plaintiff was unable to "demonstrate a real or immediate threat that defendants will again subject him to an illegal dog sniff of his person" because he no longer attended the school run by the defendant.  *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999).  In both *T.K.* and *Plumas*, the requested injunctive relief was thus narrowly defined to *only* encompass remedies for which the plaintiffs explicitly *lacked* standing.

Here, in contrast, Plaintiff seeks injunctive relief "as the court may deem proper[,]" including but not limited to "enjoining Defendant from continuing to engage in the conduct described []" and "to allow for refunds on all in-game purchases without restrictions."  Compl. ¶¶ 50, 83; *id.* at "Prayer for Relief."  These requests encompass, at least in part, relief for harms to Plaintiff that are present, ongoing, and redressable through the requested injunctive relief, and thus Plaintiff has standing to assert them.  It would be inappropriate to wholesale dismiss Plaintiff's injunctive claims for lack of standing at this stage.

With regard to *T.K.*, *Doe v. Epic Games* is instructive.  Judge Gonzalez Rodgers was undoubtedly aware of *T.K.* when she decided *Doe*, as she cites *T.K.* multiple times throughout her Order.  *See generally Doe*, 435 F. Supp. 3d 1024 (N.D. Cal. 2020).  The *Doe* plaintiff sought broad injunctive relief similar to that requested here, including an injunction under the UCL "enjoining Defendant from continuing to engage in the conduct described above, or any other act prohibited by law."[3]  The *Doe* court still denied the defendant's motion to dismiss Doe's UCL claim "to the extent it is predicated on defendant's alleged violation of the minor's right to disaffirm a contract."  *Doe*, 435 F. Supp. 3d at 1050.  This Court should do the same.

---

[3] *See Doe* complaint ¶ 91, attached as Exhibit A to the Fisher Declaration.

**B.**     **Plaintiff States Claims For Declaratory Relief**

    **1.**   **Plaintiff's Contract With Defendant Is Voidable At Plaintiff's Discretion**

Defendant argues that Plaintiff fails to state a claim for declaratory relief on voidability because "Plaintiff alleges no facts showing that Roblox would deny his request for refund had Plaintiff sought to disaffirm his contracts with Roblox on the basis of his age." MTD at 11. This is duplicative of Defendant's argument regarding ripeness, and fails for the same reason. Plaintiff has *already* disaffirmed his contract with Roblox, and Roblox provides no means to reasonably request a refund. *Supra* § III.A. Thus, the required "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" that defendant references (MTD at 11) is present here. *See Reeves*, 2022 WL 1769119, at *1 ("Nor must the [declaratory judgment] claim be dismissed because Reeves did not request a refund directly from Niantic before filing this lawsuit.") (citing *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1036 (N.D. Cal. 2020)).

    **2.**   **Plaintiff's Contracts With Defendant Are Void As A Matter Of Law**

Fam. Code § 6701(c) provides that a minor cannot "make a contract relating to any personal property not in the immediate possession or control of the minor." Such purported contracts are unauthorized as a matter of law and void. *Morgan v. Morgan*, 220 Cal. App. 2d 665, 674, 34 Cal. Rptr. 82 (1963) (applying the predecessor provision Cal. Civ. Code § 33).

Defendant does not dispute that the contracts at issue relate to personal property that is not in the immediate possession or control of Plaintiff and other minors. Rather, Defendant argues that Plaintiff's contracts with Roblox are not void under California Family Code § 6701(c) because, according to Defendant, the subject matter of the transactions are "intangible personal property." MTD at 11-12. But § 6701(c) does not include any such limitation. Defendant's imagined limitation "is inconsistent with the plain meaning of the statute which voids a minor's contract 'relating to *any* personal property' that is not in the minor's possession or control." *I.B. ex rel. Fife*

*v. Facebook, Inc.*, 905 F. Supp. 2d 989, 1000 (N.D. Cal. 2012) (citing Cal. Fam. Code § 6701(c)). At least one court in this District has rejected the same argument based on the same perceived limitation in circumstances nearly identical to the instant case. *Id.* at 1000-01. This Court should do the same.

Defendant's argument relies completely on *C.M.D. v. Facebook*. 2014 WL 1266291 (N.D. Cal. Mar. 26, 2014) ("*C.M.D.*"), *aff'd*, 621 F. App'x 488 (9th Cir. 2015) ("*C.M.D. II*"). But that case is distinguishable. In *C.M.D.*, the plaintiffs alleged "that their consent to Facebook's terms of service, which included a provision that gave Facebook the right to use their names and likenesses in advertisements was" "void *ab initio* under California Family Code § 6701 "because it related to 'personal property not in [their] immediate possession or control.'" *C.M.D. ex rel. De Young v. Facebook, Inc.*, 621 F. App'x 488 (9th Cir. 2015) (citing Cal. Fam. Code § 6701(c)). The property interest at issue was the right to publicity of a minor. *Id.* The transaction did not involve any money at all. *Id.* Based on these facts, the Ninth Circuit found that the "permission Plaintiffs gave Facebook did not involve" future rights involving personal property not in the plaintiffs' "immediate possession or control." *Id.*

Based on the Ninth Circuit's reasoning in *C.M.D.*, the minors' rights to publicity can and should be distinguished from the transactions at issue here. In *C.M.D.*, the plaintiffs were not "contracting away future rights." *Id.* Rather, they were agreeing to transfer a right at they currently possessed at the time they agreed to the defendant's terms of service. *Id.* at 489. Here, the transactions at issue were clearly for personal property of which Plaintiff was never given control. Specifically, Defendant's Terms of Service states that "Roblox has and retains all rights in Robux[,] [t]his includes the right to modify, revoke, or terminate a User's license to use Robux without notice, payment, or liability to User." Compl. ¶ 22. "Defendant additionally maintains possession and control of the purchases of Plaintiff and the Class by stating 'Roblox owns or controls all rights in

Studio and all elements contained therein.'" *Id.* ¶ 24.  Defendant also "reserves the right to terminate the Studio License, Template License, Other Content License and Roblox Trademark License at any time and for any reason." *Id.* ¶ 25.  The terms are not simply unexercised boilerplate clauses.  In fact, litigation is currently pending before a court in this District seeking compensation for Defendant's policy of exercising these aforementioned clauses to regularly delete game content that minor plaintiffs purchased with Robux.  *See Doe v. Roblox Corp.*, 2022 WL 1459568, at *1 (N.D. Cal. May 9, 2022) ("Defendant Roblox Corporation [] owns and operates an online "metaverse" in which users control avatars of themselves. Users can purchase an in-game currency and spend it on virtual items for their avatars, some of which are generated by other users. Plaintiff Jane Doe, who is a minor, alleges that Roblox incentivizes its users—who are mostly minors—to purchase these items, and that it takes a cut of the profits. Unbeknownst to users, she claims, Roblox will delete some items without warning to induce users to buy more. Doe alleges that this deletion scheme is an unlawful business practice and is fraudulent, and brings related claims on behalf of herself and a putative class.").  Additionally, unlike the implicated property rights in *C.M.D.*, which were exchanged for free, the Robux at issue here were purchased for monetary consideration.  Defendant has admitted that its Terms allow it to exercise its rights in this way.  *See Doe v. Roblox Corp.*, 3:21-cv-03943-WHO, Dkt. No. 50 ("Plaintiff's claims are barred in whole or in part by the doctrine of waiver. Plaintiff and her parents agreed to a binding contract with Roblox that gave Roblox the express right to do what was alleged in the Complaint and expressly warned Plaintiff and her parents that items obtained with Robux were subject to moderation without refund. Plaintiff had items moderated in this way in the past and continued to purchase items knowing they might be moderated without a return of Robux.") (attached as Exhibit B to the Fisher Declaration).  Whether tangible or intangible, the contracts at issue certainly related to personal property as recognized by California law.  *See* Cal. Rev. & Tax. Code § 6011 (referencing "intangible personal property.")

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

These facts make this case unlike *C.M.D.* and similar to *I.B. ex rel. Fife v. Facebook, Inc.*, 905 F. Supp. 2d 989 (N.D. Cal. 2012) ("*I.B.*").  In *I.B.*, the minor plaintiff used his mother's saved credit card information to purchase Facebook Credits from Facebook for use in a Facebook application.  *Id.* at 996.  Based on these allegations, a court in this District found that the plaintiff "alleged a plausible claim that the transactions at issue are void contracts 'relating to any personal property not in the immediate possession or control of [a] minor.'"  *Id.* at 1000-01 (citing Cal. Fam. Code § 6701(c)).  These allegations were also later sufficient to certify a class of minors seeking "restitution and other monetary relief" for these transactions.  *I.B. by & through Bohannon v. Facebook, Inc.*, 82 F. Supp. 3d 1115, 1133 (N.D. Cal. 2015).  Additionally, Defendant's argument regarding the unsupported tangible goods limitation is especially inapposite because Plaintiff alleges that the Robux can also be purchased in the form of a tangible card.  Compl. ¶ 23.  Thus, Defendant's proposed limitation is not even applicable to all transactions at issue.

The Court should thus find that Plaintiff has plausibly pled that his contracts with Defendant are void under Cal. Fam. Code § 6701(c).

### C.   Plaintiff States A Claim Under The UCL For Unlawful And Unfair Practices

#### 1.   Plaintiff Has Standing to Assert His UCL Claim

Defendant argues that Plaintiff lacks standing under the UCL because "he never gave Roblox the opportunity to refund his purchases."  MTD at 13.  But Defendant—along with its counsel—made this same argument three months ago and it was soundly rejected in *Doe v. Roblox Corp*, where Judge Orrick held that "Doe was not bound to attempt to informally resolve her dispute before suing; I reject Roblox's ripeness argument."  2022 WL 1459568, at *6 (N.D. Cal. May 9, 2022).  Judge Orrick's analysis in *Doe* applies with equal force here.

#### 2.   Plaintiff States a UCL Unlawful Claim

Defendant asks the Court to dismiss Plaintiff's UCL unlawful claim because it is "premised on allegations that Roblox denied him a refund in violation of the California Family Code."  MTD

at 14.  Plaintiff's allegations are sufficient.  *Compare Reeves v. Niantic, Inc.*, 2022 WL 1769119, at

*1 (N.D. Cal. May 31, 2022) ("Reeves has stated a UCL claim for unlawful and unfair practices. ...

In California, a person may disaffirm a contract made while they were a minor at any time before

they reach the age of majority (18) or 'within a reasonable time afterwards.' Cal. Fam. Code §

6710. Reeves plausibly alleges that Niantic has violated this statute. Shortly after his 18th birthday,

Reeves filed this lawsuit against Niantic, disaffirming several purchases of PokeCoins he made

before he turned 18. But according to the complaint, Niantic has not refunded his purchases."),

*with* Compl. ¶ 27 ("After making purchases within the Roblox ecosystem, minors who attempt to

request refunds thus find that none of their purchases can be refunded."); *see also* Compl. ¶ 19

("Defendant misleads or misrepresents the applicable law for transactions, including in-App

purchases, with minors. Specifically, Defendant knows that in the state of California, and in most

states nationwide, the law allows minors to disaffirm contracts. Defendant also knows that a minor

can disaffirm contracts without any restrictions; the law permits a minor to do so. And finally,

Defendant knows that contracts with minors for 'personal property not in the immediate possession

or control of the minor[s]' are void under CA FAM §6701. Yet, Defendant operates a non-refund

policy that misleads, misrepresents, and does not acknowledge a minor's right to obtain a refund.").

### 3.  Plaintiff States a UCL Unfair Claim

Defendant claims that it did not engage in unfair conduct because "Plaintiff fails to allege

any facts showing Roblox ever denied Plaintiff a refund when he disaffirmed his contract and

requested a refund based on his age."  MTD at 14.  This argument is based on a misunderstanding

of Plaintiff's claims.  Plaintiff alleges that he "and the putative class have suffered injury due to

deceptive and misleading trade practices by Defendant in marketing and selling in-game items and

in-game currency for its popular video game, Roblox. These items and in-game currency are

frequently purchased by minors who are unable to exercise their unrestricted rights under state laws

to rescind contracts into which they entered with Defendant."  Compl. ¶ 2 (emphasis added); *see*

*also* Compl. ¶¶ 20-21 (quoting Defendant's Terms of Use, which state that purchases are "non-

1   refundable").[4]   Against this backdrop, Defendant's argument holds no weight.  *See Reeves v.*

2   *Niantic, Inc.*, 2022 WL 1769119, at *1 (N.D. Cal. May 31, 2022) ("Reeves has stated a UCL claim

3   for unlawful and unfair practices. … In California, a person may disaffirm a contract made while

4   they were a minor at any time before they reach the age of majority (18) or 'within a reasonable

5   time afterwards.' Cal. Fam. Code § 6710.  Reeves plausibly alleges that Niantic has violated this

6   statute.").

### 4.      Defendant's "Remedies" Argument is Incorrect

8          Defendant argues that none of the remedies Plaintiff seeks are available to him under the

9   UCL.  MTD at 19.  Defendant is wrong legally and factually.  First, Defendant's argument that

10  Plaintiff lacks standing is incorrect for the reasons stated *supra* § A.  Next, Defendant's argument

11  that "no contract remains" for the Court to rescind, MTD at 19, ignores that Plaintiff seeks relief on

12  behalf of himself and all other similarly situated minors.  *See* Compl. ¶ 36; *see also id.* ¶ 78

13  ("Plaintiff and putative Class members relied on Defendant's omission in that they were unaware

14  that they could disaffirm their contract with Defendant and receive a refund and in that they were

15  unaware that their contracts with Defendant are void and they could receive a refund.").

16         Lastly, Defendant claims Plaintiff's request for restitution fails "because there was nothing

17  for Roblox to restore to Plaintiff prior to the filing of the lawsuit given that he did not disaffirm his

18  contract until filing the lawsuit."  MTD at 19.  That argument makes no sense.  As an initial matter,

19  Plaintiff "was not bound to attempt to informally resolve her dispute before suing[.]"  *Doe v.*

20  *Roblox Corp.*, 2022 WL 1459568, at *6 (N.D. Cal. May 9, 2022).  Additionally, Plaintiff has not

21  been refunded for his purchases despite his disaffirmation, and he is therefore entitled to restitution

22  under California law.  *See Reeves v. Niantic, Inc.*, 2022 WL 1769119, at *1 (N.D. Cal. May 31,

23  2022) ("Reeves plausibly alleges that Niantic has violated this statute. Shortly after his 18th

24  birthday, Reeves filed this lawsuit against Niantic, disaffirming several purchases of PokeCoins he

25  made before he turned 18. But according to the complaint, Niantic has not refunded his

26

27  _____

[4] For this reason, Defendant's argument that "[a]ny injury [Plaintiff] suffered resulted from his own
decision not to request a refund" misses the mark.  MTD at 15.  "Plaintiff relied on Defendant's
28  representations regarding non-refundability for purchases."  Compl. ¶ 34.

purchases."); *see also* Compl. ¶ 31 ("After making his purchases, Plaintiff wanted to disaffirm them and request a refund. However, he was not able to do so under Roblox's refund policy, which states that a '[w]hen a User buys Robux, User receives only a limited, **non-refundable**, non-transferable … revocable license to use Robux only for User's personal entertainment.'").[5]

### D.    Plaintiff States A Claim For Unjust Enrichment

Defendant argues that Plaintiff cannot advance a standalone claim for unjust enrichment, citing *Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980, 997 (N.D. Cal. 2010).  MTD at 19.  But in 2017, the Ninth Circuit explicitly held that unjust enrichment may be pursued in the alternative as a "standalone cause of action."  *Bruton v. Gerber Prod. Co.*, 703 F. App'x 468, 470 (9th Cir. 2017).[6] Even before *Bruton*, the Ninth Circuit held, "[w]hen a plaintiff alleges unjust enrichment, a court may "construe the cause of action as a quasi-contract claim seeking restitution."  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (*citing Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal.App.4th 221, 166 Cal.Rptr.3d 864, 872 (2014)).

Defendant next argues that "restitution would be entirely improper in this case [because] Roblox did not fail to make restitution under circumstances where it is equitable to do so." MTD at 19.  But a pre-suit demand for restitution is not a requirement to state a claim for unjust enrichment. "Under California law, the elements of unjust enrichment are: (1) receipt of a benefit; and (2) unjust retention of the benefit at the expense of another." *In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1113 (C.D. Cal. 2012).   Plaintiff has pled both here.  *See* Compl. ¶¶ 87-92; *see also Doe v. Roblox Corp.*, 2022 WL 1459568, at *12 (N.D. Cal. May 9, 2022) (sustaining unjust enrichment claim against Defendant).

### IV.    CONCLUSION

Plaintiff respectfully requests that the Court deny Defendant's Motion.   Alternatively, Plaintiff respectfully requests leave to amend to address any deficiencies the Court may identify.

---

[5] Plaintiff concedes his claims under the UCL's "fraudulent" prong.

[6] Courts in this District have held that "unjust enrichment … is an independent cause of action in California." *Nava v. Kobe Steel, Ltd.*, 2019 WL 5173767, at *1 (N.D. Cal. Oct. 8, 2019).  Defendant also cites *Jogani v. Superior Court*, 165 Cal. App. 4th 901, 911 (2008)) and *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003), but those decisions, like *Smith*, predate *Bruton*.

1    Dated:  August 12, 2022                    **BURSOR & FISHER, P.A.**

2

3                                              By:_____/s/ L. Timothy Fisher_____

4                                              L. Timothy Fisher (State Bar No. 191626)
                                               1990 North California Boulevard, Suite 940
5                                              Walnut Creek, CA  94596
                                               Telephone: (925) 300-4455
6                                              Facsimile:  (925) 407-2700
                                               E-Mail: ltfisher@bursor.com
7

8                                              **BURSOR & FISHER, P.A.**
                                               Philip L. Fraietta (*pro hac vice* forthcoming)
9                                              Alec M. Leslie (*pro hac vice* forthcoming)
                                               Matthew A. Girardi (*pro hac vice* forthcoming)
10                                             Julian C. Diamond (*pro hac vice* forthcoming)
                                               888 Seventh Avenue
11                                             New York, NY 10019
                                               Telephone: (646) 837-7150
12                                             Facsimile: (212) 989-9163
                                               E-Mail:  pfraietta@bursor.com
13                                                       aleslie@bursor.com
                                                         mgirardi@bursor.com
14                                                       jdiamond@bursor.com
15

16                                             *Attorneys for Plaintiff*

17

18

19

20

21

22

23

24

25

26

27

28