IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.R.,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBLOX CORPORATION,<br><br>    Defendant. | Case No. 22-cv-02716-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

    Before the Court is defendant Roblox Corporation's ("Roblox") Motion to Dismiss, filed June 30, 2022. Plaintiff V.R. has filed opposition, to which Roblox has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

    In his Complaint, V.R., a minor, alleges that he, "under his own name and using his own money, made multiple in-game purchases in Roblox" (see Compl. ¶ 9), "an online game platform" (see Compl. ¶ 11). V.R. also alleges that, although he now "regrets these purchases and wishes to obtain a full refund" (see Compl. ¶ 30), Roblox "fails to provide an unrestricted right to seek refunds of any in-game purchases made by minors" (see Compl. ¶ 17). Based on said allegations, V.R. asserts four Counts, titled, respectively, "Declaratory Judgment on Minor's Right to Disaffirm," "Declaratory Judgment on Minor's Inability to Contract for Personal Property Not in Their Immediate Possession or Control," "Violation of the California Business & Professional Code § 17200," and "Restitution or Unjust Enrichment." As relief, V.R. seeks restitution "in the amount already paid to [Roblox]" (see Compl. ¶ 1), and an injunction requiring Roblox "to

---

[1] By order filed September 27, 2022, the Court took the matter under submission.

1  allow for refunds on all in-game purchases without restrictions" (see Compl. ¶ 50; see
2  also Compl. ¶ 83 (alleging entitlement to injunction to enjoin Roblox "from continuing to
3  engage in the conduct described [in complaint]")).

4      By the instant motion, Roblox seeks dismissal of V.R.'s claims on the ground that
5  they are not ripe for adjudication and, consequently, that the Court lacks subject matter
6  jurisdiction to consider them.

7      Under Article III of the Constitution, a district court lacks subject matter jurisdiction
8  to consider a case that is not ripe, i.e., one that is "dependent on contingent future events
9  that may not occur as anticipated, or indeed may not occur at all." See Trump v. New
10 York, 141 S. Ct. 530, 535 (2020) (internal quotation and citation omitted). Stated
11 otherwise, a claim is not ripe where it "presents no live case or controversy." See Clinton
12 v. Acequia, Inc., 94 F.3d 568, 572 (9th Cir. 1996).

13     Here, V.R. alleges that his contract with V.R. is either voidable, see Cal. Fam.
14 Code § 6710 (providing "contract of a minor may be disaffirmed by the minor before
15 majority or within a reasonable time afterwards"), or void, see Cal. Fam. Code § 6701(c)
16 (providing minor "cannot" enter into "contract relating to any personal property not in the
17 immediate possession or control of the minor"), and, in either case, that he is entitled to a
18 refund of the amounts he paid Roblox. (See Compl. ¶¶ 49, 63, 84, 89.)

19     As Roblox points out, however, V.R. does not allege he sought a refund prior to
20 filing the instant action, much less that Roblox denied such request. See Doe v. Epic
21 Games, Inc., 435 F. Supp. 3d 1024, 1044-45 (N.D. Cal. 2020) (holding minor's claim for
22 refund presented "actual controversy," where defendant, prior to date complaint was filed,
23 had received request for refund from plaintiff and thereafter "indicated its unwillingness to
24 honor plaintiff's disaffirmance and refund the [minor's] purchases"). Although V.R.
25 alleges that, by filing the instant action, he has "requested a refund" (see Compl. ¶ 49),
26 he cites no authority holding a case or controversy can be created, in the first instance,
27 by the filing of a complaint, and, in any event, V.R. does not allege that any request for a
28 refund contained in his complaint has been denied.

1    Although V.R. also alleges Roblox has a policy not to provide refunds to minors
2 (see, e.g., Compl. ¶ 19 (alleging Roblox "operates a non-refund policy that . . . does not
3 acknowledge a minor's right to obtain a refund")), and, citing Reeves v. Niantic, Inc., 2022
4 WL 1769119 (N.D. Cal. May 31, 2022), argues a case or controversy thus exists, see id.
5 *1 (finding, where defendant had "non-refundability policy," a "case or controversy"
6 existed between minor plaintiff and defendant as to minor's right to refund), his reliance
7 thereon is unavailing.
8    In particular, Roblox has offered undisputed evidence to counter V.R.'s allegation
9 that Roblox has any such policy. See Edison v. United States, 822 F.3d 510, 517 (9th
10 Cir. 2016) (holding defendant may raise "factual" challenge to subject matter jurisdiction
11 by submitting evidence to counter allegations in complaint). In that regard, Roblox offers
12 a declaration from its Senior Director of Product, who submits a copy of the Roblox
13 Terms of Use (see Brown Decl. Ex. 1 ¶ 3.d) (providing that "[a]ll payments for Robux are
14 final and not refundable, except as required by law"), and avers that, consistent with the
15 law pertaining to minors, Roblox has "a policy pursuant to which Roblox has not and
16 would not reject a user's request for a refund for any purchases made by the user as a
17 minor" (see id. ¶ 7), and further, had V.R. told Roblox prior to filing suit that he wanted to
18 disaffirm his contracts and obtain a refund as a minor, he would have received a refund
19 for any purchases made by him as a minor (see id. ¶ 8). V.R., in his opposition, fails to
20 offer any evidence, let alone evidence to counter Roblox's showing. See Edison, 822
21 F.3d at 517 (holding plaintiff, in response to factual challenge, must offer evidence to
22 satisfy "burden of establishing that the court, in fact, possesses subject matter
23 jurisdiction").[2]
24 //

---

[2] Although V.R. argues Roblox's evidentiary showing is insufficient because, according to V.R., Roblox "provides no actual means" for V.R. to request a refund (see Pl.'s Opp. at 8:3-7), Roblox's Terms of Use contain a paragraph dedicated to "Contact Information," which provides a mailing address in San Mateo, California, as well as a web address, and a toll-free telephone number. (See Brown Decl. Ex. 1 ¶ 19.g.)

In sum, there being no showing that Roblox has either denied or would deny a request by V.R. for a refund, V.R.'s claims, all of which seek an order requiring Roblox to provide a refund, are not ripe for adjudication.  See Warth v. Seldin, 422 U.S. 490, 499 n.10 (1975) (noting claim not ripe unless "harm asserted has matured sufficiently to warrant judicial intervention").

Accordingly, Roblox's motion to dismiss will be granted.

## CONCLUSION

For the reasons stated, Roblox's motion to dismiss is hereby GRANTED, and the Complaint is hereby DISMISSED for lack of subject matter jurisdiction.

Although it is unclear how V.R. can cure the deficiencies identified above, the Court will, as V.R. requests, afford V.R. an opportunity to amend, and, in particular, to file, no later than October 21, 2022, a First Amended Complaint.

Lastly, in light of the above, the Case Management Conference is hereby CONTINUED from November 4, 2022, to January 13, 2023, at 10:30 a.m.  A Joint Case Management Statement shall be filed no later than January 6, 2023.

**IT IS SO ORDERED.**

Dated: September 29, 2022

MAXINE M. CHESNEY
United States District Judge