IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.R.,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBLOX CORPORATION,<br><br>        Defendant. | Case No. 22-cv-02716-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is defendant Roblox Corporation's ("Roblox") Motion, filed November 18, 2022, "to Dismiss Plaintiff's First Amended Class Action Complaint." Plaintiff V.R. has filed opposition, to which Roblox has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

In the operative complaint, the First Amended Class Action Complaint ("FAC"), V.R., a minor, alleges that he, "under his own name and using his own money, made multiple in-game purchases in Roblox" (see FAC ¶ 10), "an online game platform" (see FAC ¶ 12), and that he now "regrets these purchases and wishes to obtain a full refund" (see FAC ¶ 45).  V.R. alleges he is entitled to such a refund, either because his contract with Roblox is "voidable," in that, under California law, a minor is entitled to "disaffirm a contract" (see FAC ¶¶ 64-65, 67), or, alternatively, because his contract is "void," in that, under California law, a minor cannot enter into a contract "relating to any personal property not in the immediate possession or control of the minor" (see FAC ¶¶ 77-80).

---

[1] By order filed January 19, 2023, the Court took the matter under submission.

1  Based on said allegations, V.R. asserts four Counts, titled, respectively, "Declaratory
2  Judgment on Minor's Right to Disaffirm," "Declaratory Judgment on Minor's Inability to
3  Contract for Personal Property Not in Their Immediate Possession or Control," "Violation
4  of the California Business & Professional Code § 17200," and "Restitution or Unjust
5  Enrichment."  As relief, V.R. seeks a declaration of liability (see FAC ¶¶ 71, 85),
6  restitution "in the amount already paid to [Roblox]" (see FAC ¶ 1), and an injunction
7  requiring Roblox "to allow for refunds on all in-game purchases without restrictions" (see
8  FAC ¶ 66).
9  By order filed September 29, 2022 ("September 29 Order"), the Court granted
10  Roblox's motion to dismiss V.R.'s initial complaint, finding V.R.'s claims were not ripe for
11  adjudication as he did not allege he had requested a refund and that his request was
12  denied.  The Court, however, afforded V.R. leave to amend, which option V.R.
13  subsequently elected.
14  In seeking dismissal of the FAC, Roblox argues V.R. has failed to cure the
15  deficiencies identified in the September 29 Order.  For the reasons set forth below, the
16  Court agrees.
17  In particular, as previously explained by the Court, "a district court lacks subject
18  matter jurisdiction to consider a case that is not ripe, i.e., one that is 'dependent on
19  contingent future events that may not occur as anticipated, or indeed may not occur at
20  all.'"  (See September 29 Order at 2:7-10 (quoting Trump v. New York, 141 S. Ct. 530,
21  535 (2020) (internal quotation and citation omitted).)  Here, as in his initial complaint, V.R.
22  does not allege he has requested a refund, much less that Roblox denied such request.
23  Cf. Doe v. Epic Games, Inc., 435 F. Supp. 3d 1024, 1044-45 (N.D. Cal. 2020) (holding
24  minor's claim for refund presented "actual controversy," where defendant, prior to date
25  complaint was filed, had received request for refund from plaintiff and, in response
26  thereto, "indicated its unwillingness to honor plaintiff's disaffirmance and refund the
27  [minor's] purchases").
28  //

In his opposition, V.R., in essence, acknowledges there was no case or controversy prior to the filing of the instant action, as he asserts that Roblox's obligation to provide him a refund "came due on May 5, 2022" (see Pl.'s Opp. at 15:10-11), the date on which he filed his initial complaint.  As the Court noted in its prior order, however, V.R. cites no authority holding that the requisite case or controversy can be created in the first instance by the filing of a lawsuit.

In an apparent attempt to plead futility, and thus excuse his failure to request a refund prior to filing either his initial complaint or the FAC, V.R. alleges Roblox "does not operate a uniform policy of allowing minors who disaffirm their contract to receive a full refund" (see FAC ¶ 42) and, citing Reeves v. Niantic, Inc., 2022 WL 1769119 (N.D. Cal. May 31, 2022), argues a case or controversy thus exists.  Reeves, however, is readily distinguishable on its facts, in that the defendant therein had a "non-refundability policy."[2] See id. at *1.  Here, by contrast, V.R. acknowledges in the FAC that the Roblox Terms of Use provide that "[a]ll payments for Robux[3] are final and not refundable, except as required by law" (see FAC ¶ 23 (emphasis added)), and that Roblox "knows that in the state of California, . . . the law allows minors to disaffirm contracts" (see FAC ¶ 20).  Consequently, the FAC fails to allege facts to support a finding that any request for a refund would have been futile.

//

---

[2] V.R. also relies on his allegation that he made some of his purchases from Amazon.com (see FAC ¶ 10), and that Roblox's website states that "these charges cannot be refunded by Roblox" (see FAC ¶ 32 (emphasis in FAC)).  The cited webpage, however, which plaintiff has submitted (see Diamond Decl. Ex. C), discusses the steps a user must take to dispute "unauthorized charges," i.e., "charges on [the user's] Credit/ Debit card, PayPal, or Google Play account that [the user] did not authorize" (see id. at 1); in that context, the Roblox website states that, if the unauthorized charges are "Amazon Purchases," Amazon requires the user to request a refund from Amazon and, consequently, that "these charges cannot be refunded by Roblox" (see id. at 2) (emphasis in origin)).  Such policy is wholly inapplicable to V.R., as he does not seek a refund of unauthorized purchases, but, rather, a refund of purchases made "under his own name and using his own money."  (See FAC ¶ 10.)

[3] "Robux" is the name of the "virtual currency" users of Roblox purchase.  (See FAC ¶ 14; see also FAC ¶ 44 (alleging V.R. purchased "Robux").)

3

Accordingly, Roblox's motion to dismiss is hereby GRANTED, as the claims alleged are not ripe, and the FAC is hereby DISMISSED, without further leave to amend.

**IT IS SO ORDERED.**

Dated: January 25, 2023

MAXINE M. CHESNEY
United States District Judge